■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARSIS MATOS, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 8, 1989, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 25 years to life, 7½ to 15

years and 3½ to 7 years, respectively, to run consecutively to a sentence of 30 years to life imposed in New Jersey for an unrelated murder, unanimously affirmed.

Following an early morning verbal altercation in a discotheque, in which all bystanders knew one another, defendant shot and killed a patron. Three of those present testified against defendant at trial. As to two other eyewitnesses, one was mentally disturbed and the other could not be located by the People.

Defendant contends that a missing witness charge should have been given as to these two witnesses. We note that police documentation of statements provided by these witnesses after the crime is consistent with testimony offered by the available witnesses at trial, and there is no reason to believe that their testimony would have contradicted or added to that of the other witnesses. *(See, People v Almodovar,* 62 NY2d 126, 133.) We conclude that neither subject witness would have provided material noncumulative testimony, and that neither witness was available to, or under the control of, the People before trial *(People v Gonzalez,* 68 NY2d 424; *People v Erts,* 73 NY2d 872).

Finally, the court did not abuse its discretion in imposing a sentence to run consecutive to the New Jersey sentence which was imposed for another murder. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Rubin, JJ.