(May 21, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ALACANTAR, Appellant.—Judgment, Supreme Court, Bronx County (Emily J. Goodman, J.), rendered March 30, 1989, convicting defendant after jury trial of criminal sale and possession of a controlled substance, both in the third degree, and sentencing him to respective concurrent terms of 1 to 3 years imprisonment, unanimously affirmed.

Defendant and a cohort were arrested for drug trafficking after surveillance by two police officers over a 20-minute period. Officer Trabucca observed three transactions at about the midnight hour, through binoculars, from an apartment window about 35 to 40 feet away. When the officers closed in on defendant, he fled into a nearby basement apartment, where he was apprehended in the act of stowing a cloth bag later determined to contain money and narcotic contraband.

Only Officer Trabucca, who had made the binocular observa-

tions, and who had later followed and arrested defendant, testified as to the sequence of events. His partner, Officer Dowd, followed him to the apartment where he arrested a drug purchaser.

The prosecutor announced, in his opening to the jury, that *both* officers would testify, and that Dowd, who had observed without the aid of binoculars, would confirm the transactions and Trabucca's role in the arrest and the recovery of evidence. Dowd never did take the stand. At the completion of the court's charge, defendant's counsel asked that the jury be given a supplemental instruction to disregard the prosecutor's opening reference to Officer Dowd. The prosecutor opposed the request for a supplemental instruction because of the danger that, at this point, it would unfairly highlight what might be perceived as a flaw in the People's case. The court denied counsel's request for a missing witness charge, but permitted counsel to highlight Dowd's absence during summation.

Defendant now claims that the prosecutor made himself an unsworn witness, and the nonproduction of Officer Dowd denied defendant his constitutional right to confrontation. But reversal on this ground requires a showing of bad faith or undue prejudice *(People v Melendez,* 178 AD2d 366). There was neither here. The court repeatedly cautioned the jury, both before and at the close of trial, to distinguish between the arguments and opinions of counsel (including their opening statements), and the jurors' own recollection and understanding of the evidence on which factual determinations were to be made. The jury is presumed to have followed those instructions *(People v Davis,* 58 NY2d 1102, 1104). As to defendant's request for a missing witness charge, he failed to provide the essential showing that Officer Dowd's testimony would not be cumulative of Officer Trabucca's testimony *(People v Gonzalez,* 68 NY2d 424, 427). In any event, defendant's failure to move the trial court for a mistrial on this ground precludes our review of the point on appeal *(People v De Tore,* 34 NY2d 199, 204, 207-208, *cert denied sub nom. Wedra v New York,* 419 US 1025).

Defendant did make a mistrial motion addressed to the court's refusal to disqualify a juror who had warmly disputed the Judge's prohibition against note-taking in the course of a supplemental charge. Apparently more than one juror had started to take notes, causing the Trial Judge to explain that this was not permitted. In a brief exchange on the record, one juror expressed his opinion that the proscription was "dumb", "stupid" and "absurd." Upon completion of the supplemental

charge, after the jurors had retired to deliberate, defense counsel challenged the outspoken juror's qualifications to continue, in light of his reluctance to follow the court's instruction on note-taking. The mistrial motion was technically based on the nonavailability of any alternate jurors.

Note-taking is not prohibited by statute or rule, although the practice is generally frowned upon because of the danger that jurors might rely on their notes instead of the actual record (see, People v Tucker, 77 NY2d 861). A juror can be disqualified for misconduct of a substantial nature, or where he is grossly unqualified to serve (CPL 270.35). The "grossly unqualified" standard applies only where the court is convinced that the juror is incapable of rendering an impartial verdict (People v Buford, 69 NY2d 290). There was no disobedience here with the instruction not to take notes (cf., People v Fox, 172 AD2d 218, 220, lv denied 78 NY2d 966). The juror's questioning of the instruction not to take notes gave no indication of his lack of ability to reach an impartial verdict (People v Vinson, 143 AD2d 702, lv denied 73 NY2d 897; cf., People v Burwell, 159 AD2d 407, 408, lv denied 76 NY2d 785). The mistrial motion was properly denied. Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.