■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT JACKSON, Also Known as BRIAN JACKSON, Appellant. —Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered September 22, 1989, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's first trial ended in a mistrial when a juror reported that she had overheard one police witness tell others to lie. Defendant's argument that the indictment should have been dismissed is without merit since the testimony of the complainant and defendant's accomplice was not tainted by the conversation. Also without merit is defendant's alternative argument that at the second trial he should have been permitted to call the officers involved in the conversation and the juror who reported it. Counsel's stated purpose in calling these witnesses was to raise questions concerning the credibility of the officers involved in the conversation, but except for defense counsel's unsupported remark that a "conspiracy" existed "in a sense" between all of the police witnesses, defendant came forward with no reasons why doubts concerning the credibility of the officers who testified at the first trial should cast doubt on the credibility of the ones that were called at the second trial. Nor was the trial court required to give a missing witness charge as to the officers who did not testify at the second trial absent a showing that their testimony concerning the robbery would have been material and noncumulative. We agree with the People that it is not a valid basis for a missing witness charge that an uncalled witness would have been more subject to impeachment than those

that were called *(see generally, People v Gonzalez,* 68 NY2d 424, 428).

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), including the eyewitness identification of the complainant, the testimony of defendant's accomplice, and the fact that the victim's key ring was recovered from defendant, it was sufficient as a matter of law to support the verdict. Defendant's motion to suppress was properly denied since the police may pursue a fleeing subject if they have a reasonable suspicion that the subject has committed or is about to commit a crime *(People v Martinez,* 80 NY2d 444). Here, undercover officers who had been trailing defendant and his cohort for about 40 minutes had just such a suspicion, when, moments after defendant and the cohort disappeared from view, they ran from a commotion on a subway stairwell and fled from the officers.

We have considered defendant's remaining arguments, and find them to be without merit. Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.