■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN CARDENAS, Appellant. [594 NYS2d 251] —Judgment, Supreme Court, Bronx County (John E. H. Stackhouse, J., at *Mapp* hearing; Edward Davidowitz, J., at trial and sentence), rendered May 22, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to concurrent terms of 7 to 14 years, unanimously affirmed.

The trial court properly sustained the prosecutor's objection to defense counsel's attempt to refer to the prosecution's failure to call other members of the backup team in this "buy and bust" operation, as their testimony would have been merely cumulative *(see, People v Matos,* 168 AD2d 308, *lv denied* 77 NY2d 880). Nor was the prosecutor's opening statement deficient as it sufficiently informed the jury, both directly and by appropriate inference, of the nature of the charges against defendant, including the fact that drugs found on his person were different from those sold, and summarized the evidence to be submitted in support of the charges *(see, People v Brown,* 158 AD2d 461, 462). Further, "absent bad faith or undue prejudice, a trial verdict will not be set aside for deficiencies in an opening statement" *(People v Edwards,* 145 AD2d 503, 503-504). Finally, the sentence was fair and proper, as both within the sentencing guidelines and the sound discretion of the Trial Judge (Penal Law § 70.06 [3] [b]; [4]; *People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Ellerin, J. P., Kupferman, Ross and Kassal, JJ.