■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE ROSARIO, Appellant. [595 NYS2d 5] —Judgment, Su-

preme Court, New York County (Ronald Zweibel, J.), rendered June 10, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of four and one-half to nine years, unanimously affirmed.

The trial court did not err in denying defendant's request for a missing witness charge with respect to the second "ghost" officer on the buy-and-bust team. While the testimony of the undercover officer and the "ghost" who stood nearby during the transaction differed on some minor points, both officers positively identified defendant. Moreover, the request, which was made after both sides had rested, was untimely. (Cf., People v Gonzalez, 68 NY2d 424, 427-428.) Nor does the record support the claim that the offer of proof was contradicted by the trial evidence. We also note that, after the belated request, the People made an offer of proof indicating that while the officer in question had seen the undercover officer approach the crime scene, and later saw three persons arrested he would not be able to describe either the participants in the transaction or their actions. Defendant's current complaint that the prosecutor's offer of proof was "speculative, conclusory and unsupported" and "contradicted by the record" is unavailing. None of these arguments were made before the trial court and they are therefore unpreserved for appellate review (CPL 470.05 [2]; see, People v Karabinas, 63 NY2d 871, 872). In any event, it was implicit from the detailed offer of proof that the prosecutor had obtained that information directly from the officer himself.

The trial court did not err in closing the courtroom during the testimony of an undercover officer still actively engaged in undercover work in the same neighborhood. The appropriate standard was applied in considering the issue and an evidentiary hearing conducted. (See, People v Hinton, 31 NY2d 71, cert denied 410 US 911.) Concur—Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.