■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ORTIZ, Appellant. [597 NYS2d 682] —Judgment of the Supreme Court, Bronx County (Arlene R. Silverman, J., at *Mapp* hearing, jury trial and sentence), rendered April 17, 1990, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

Appellant and co-defendant Raul Ramos were indicted for

the sale and possession, with intent to sell, of a controlled substance. The People alleged that Ramos made a drug sale to an undercover officer and that appellant acted in concert with him.

At trial, the purchasing undercover detective testified that he and another officer, identified only as "undercover officer 19", drove to the area of East 153rd Street and Melrose Avenue, in Bronx County, on August 24, 1988 as part of a "buy and bust" operation. At approximately 2:50 P.M., the detective left the unmarked vehicle to attempt to make purchases while Officer 19 remained in the car. The detective approached appellant and Ramos who were playing dice in front of a bodega. Ramos said "blue tops", and the detective responded, "Let me get two." Ramos reached into his pocket and removed two dark blue vials of cocaine which he handed to appellant who, in turn, passed them to the detective. The detective handed appellant 10 dollars of pre-recorded buy money, which appellant passed to Ramos. This face-to-face transaction took place in broad daylight, and the detective had an unobstructed view of appellant and Ramos. The detective walked back to the vehicle where he promptly transmitted a description of the pair to a back-up team. Appellant and his accomplice were arrested following a drive-by confirmatory identification by the detective.

Madeline Gutierrez, the arresting officer, also testified at trial. As a member of the back-up unit, she conceded that she had not witnessed the transaction and stated that no contraband or pre-recorded buy money was found on appellant. Four vials, containing what later proved to be cocaine, and $10 in pre-recorded "buy money" were recovered from codefendant Ramos. Officer Gutierrez said that she thought Officer 19 was acting as a "ghost" for the purchasing detective (that is, observing the transaction and ensuring his safety), but did not know this "for a fact." The detective, however, directly contradicted her testimony, stating that Officer 19 "was to wait in the car for me just until I made my buy. We were taking turns."

In light of this conflicting testimony, appellant joined in co-counsel's application for a missing witness charge, made after the prosecution rested. Counsel argued that "there was testimony from [the purchasing detective] that undercover officer 19 was in a position from the car to observe the corner of 153rd Street and Melrose Avenue" where the transaction took place, and that this undercover officer was under the control of the People. The prosecutor responded that "Officer Gutier-

rez mentioned that [she] actually didn't know where the undercover was", and that "the [undercover] officer's testimony would only have been cumulative even if it would have been relevant at all."

The court denied the request for the missing witness charge, stating that there was no evidence that Officer 19 "saw anything that would warrant his production," and that the purchasing detective "specifically indicated that officer number 19 was not with him" and "he didn't say that this officer was actually watching him or saw anything". The court added that "there is nothing in his testimony [that] would be anything but cumulative." The defense rested without presenting any evidence.

On appeal, appellant contends that Supreme Court's refusal to instruct the jury that it could draw an inference adverse to the prosecution from the failure to produce Undercover Officer 19 was reversible error. There is no question that, given the proximity of the unmarked vehicle to the location of the drug transaction, defendant made a prima facie showing that the uncalled witness had knowledge with respect to a material issue (*People v Kitching*, 78 NY2d 532; *People v Erts*, 138 AD2d 506, *affd* 73 NY2d 872). In this case, however, the People advanced arguments in rebuttal to appellant's prima facie demonstration of his right to a missing witness charge, including that the testimony would have been cumulative, and Supreme Court properly exercised its discretion to deny the instruction (*People v Gonzalez*, 68 NY2d 424, 430).

Appellant has failed to demonstrate that the testimony of the missing witness would have been non-cumulative so as to warrant reversal of his conviction on the ground that Supreme Court's ruling constitutes an improvident exercise of discretion (*supra; People v Jackson*, 190 AD2d 542). Appellant has made absolutely no showing that Undercover Officer 19 either observed the drug sale or, if he had, that he viewed anything different from what was seen by the purchasing detective (*see, People v Matos*, 168 AD2d 308, 309, *lv denied* 77 NY2d 880 [no missing witness charge warranted where police reports were consistent with the testimony at trial]; *People v Buckler*, 39 NY2d 895 [no showing uncalled detective would have given different testimony]; *see also, People v Rosario*, 191 AD2d 243). Appellant has merely shown that the corner where the drug sale was transacted was visible from the undercover officer's position in the unmarked vehicle.

This case is further distinguishable from *People v Kitching (supra)*, relied upon by appellant, in that there is nothing

unusual about the evidence so as to raise the issue of identification. Moreover, in the course of his summation, appellant's counsel called attention to the absence of testimony from Undercover Officer 19 and the members of the backup team, thus providing further reason that reversal is unwarranted *(People v Chisom,* 170 AD2d 523, *lv denied* 77 NY2d 959).

Finally, the People's reliance on *People v De Tore* (34 NY2d 199, *cert denied sub nom. Wedra v New York,* 419 US 1025) and this Court's recent decision in *People v Alacantar* (183 AD2d 579) is misplaced. These cases address the prejudice resulting from the prosecutor's promise, in the opening statement, to introduce the testimony of a People's witness who is subsequently not produced *(People v De Tore, supra,* at 204). The cases do not, contrary to the People's contention, require that a motion for a mistrial be made in order to preserve a defendant's objection to the failure to give a missing witness charge.

The unpublished order of this Court entered on May 6, 1993, is hereby recalled and vacated. Concur—Milonas, J. P., Ellerin, Kassal and Rubin, JJ.