■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WINNINGHAM, Respondent. [618 NYS2d 450] —Appeal by the People from an order of the Supreme Court, Queens County (Flug, J.), dated September 21, 1993, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

During the prosecutor's cross-examination of the defendant at the Grand Jury proceeding, the prosecutor and defense counsel had a verbal altercation. After he was indicted, defendant moved to dismiss the indictment on the ground that the prosecutor's conduct had impaired the integrity of the Grand Jury proceeding. The Supreme Court granted the motion, finding that the conduct of both attorneys had impaired the integrity of the Grand Jury proceeding and that it had caused prejudice to the defendant.

CPL 210.20 (1) (c) provides,

"After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that * * *

"[t]he the grand jury proceeding was defective, within the meaning of section 210.35".
CPL 210.35 (5) provides,

"A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * *

"[t]he proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result."

The Court of Appeals has noted, "[T]he statutory test * * * does not turn on mere flaw, error or skewing. The statutory test is very precise and very high: 'impairment of integrity' of the Grand Jury process" *(People v Darby,* 75 NY2d 449, 455).

We find, contrary to the Supreme Court, that the conduct of both attorneys in this case, while to some extent inappropriate and unprofessional, did not rise to the level of impairing the integrity of the Grand Jury proceeding. Accordingly, we reverse the order appealed from and reinstate the indictment against the defendant. Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.