■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ARTIS, Appellant. [648 NYS2d 722] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered January 6, 1994, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted of two counts of the crime of criminal sale of a controlled substance in the third degree after trial and was sentenced to two concurrent $12^{1}/_{2}$ to 25-year terms of imprisonment, to run consecutively with a sentence that he was already serving. Defendant's conviction arose out of two separate transactions that took place on Main Street in the Village of Fallsburg, Sullivan County. On November 10, 1992, defendant sold a quantity of cocaine to an undercover State Police Investigator. At the time, the officer was wearing a wire and another police officer observed the transaction and heard

the broadcast transmission. On November 23, 1992, defendant sold a quantity of cocaine to a second State Police Investigator. This investigator was also wearing a wire, and the sale was observed by another police officer who partially heard the transmission.

Defendant contends that he was deprived of a fair trial by several allegedly improper comments made by the prosecutor during his summation. Defense counsel failed to object to the prosecution's statement that the role of defense counsel was to cloud the picture of defendant's guilt; therefore, this claim is unpreserved for appellate review (*see, People v Dawson*, 50 NY2d 311, 324). Defendant failed to object to the allegedly improper bolstering of police witnesses during the summation at the time that this objection could have been addressed most readily (*see, People v Michael*, 48 NY2d 1, 6), though defense counsel later moved for a mistrial on this ground. The bulk of the prosecutor's comments regarding the credibility of the police officers constituted fair comment on the evidence (*see, People v Ashwal*, 39 NY2d 105, 109). Although there was no basis in the record for the prosecutor's comment that the police officers who testified at defendant's trial did not have criminal records, the prosecutor did not inject his own credibility into the case (*see, People v Paperno*, 54 NY2d 294, 300-301). This minor departure from the evidence at trial did not prejudice defendant and certainly was not the basis for a mistrial. The remainder of defendant's claims regarding improper comments during the summation were the subject of curative instructions that eliminated the possibility of prejudice to defendant (*see, People v Roberts*, 103 AD2d 975, 976, *affd* 64 NY2d 854). In any event, because defense counsel failed to take exceptions to any of County Court's curative instructions, the balance of defendant's objections to the summation are not preserved for our review (*see, People v Dawson, supra*, at 316).

County Court properly permitted the People to elicit testimony from a police witness that she had previously viewed a photograph of defendant shortly after the November 10, 1992 sale. Although it is ordinarily improper to permit a witness to testify that he or she identified the defendant from a photograph, courts have recognized an exception where defense counsel opens the door to this inquiry during cross-examination of the witness (*see, e.g., People v Austin*, 152 AD2d 590; *People v Green*, 143 AD2d 768, 770, *lv denied* 73 NY2d 922; *People v Smith*, 133 AD2d 863, 864, *lv denied* 71 NY2d 903). Defense counsel here elicited testimony from the police officer on cross-examination that she had viewed a photograph of the defen-

dant approximately two weeks before the trial, in an apparent effort to call her in-court identification of defendant into question. Under those circumstances, County Court properly permitted the prosecutor to question the police witness about the first time she had viewed the photograph, which was shortly after the November 10, 1992 transaction.

We also find that County Court properly denied a missing witness charge. Although the People failed to produce two of the backup police officers involved in the transactions, as to each transaction, the officer making the purchase and another backup officer each testified. Under these circumstances, we agree that the testimony of the additional backup officers would have been cumulative and that a missing witness charge was consequently not required (*see, People v Gonzalez*, 68 NY2d 424, 428; *People v Ortiz*, 193 AD2d 449, 451, *affd* 83 NY2d 989; *People v Hughes*, 180 AD2d 908, 910, *lv denied* 80 NY2d 1027; *People v Solis*, 173 AD2d 1089, 1091, *lv denied* 78 NY2d 974, 1081). Similarly, County Court properly denied defense counsel's request for an agency charge as to the November 10, 1992 buy, as there was no reasonable view of the evidence that would support a finding of any personal or other relationship between defendant and the undercover officer (*see, e.g., People v Herring*, 83 NY2d 780, 782; *People v Martinez*, 194 AD2d 999, 1000, *lv denied* 82 NY2d 899).

Defendant's claim that his sentence is harsh and excessive is without merit. Defense counsel has not demonstrated either the existence of extraordinary circumstances or that County Court abused its discretion, especially in light of defendant's extensive criminal history dating to 1960 and repeated involvement in drug-related crimes (*see, People v Kenny*, 175 AD2d 404, 407, *lv denied* 78 NY2d 1012).

Defendant's *pro se* challenges to the validity of the indictment are largely unpreserved (*see, People v Danylocke*, 150 AD2d 480, 481, *lv denied* 74 NY2d 846). His claim regarding an ambiguity in the Grand Jury testimony was the subject of an order to show cause in County Court and the record supports the court's determination that the integrity of the Grand Jury proceedings was not impaired (*see, e.g., People v Darby*, 75 NY2d 449, 454-455; *People v Winningham*, 209 AD2d 461, *lv denied* 84 NY2d 1040). Defendant's claims that County Court lacked jurisdiction over his person, that he was improperly sentenced as a second felony offender and that the court exhibited bias are without merit. Finally, we reject his claim that the verdict was unsupported by sufficient evidence (*see, People v Contes*, 60 NY2d 620); similarly, the verdict was not

contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). Accordingly, the judgment of County Court should in all respects be affirmed.

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.