■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DORE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree. He contends that the court erred in permitting the prosecution to elicit testimony concerning hearsay statements by a police informant, that the court erred in refusing defendant's request to charge a defense of agency and that there was insufficient evidence to establish that the substance obtained from defendant was cocaine. None of those contentions has merit.

The out-of-court statements of the police informant, which implicated defendant as his source of cocaine, were initially brought out by defense counsel during cross-examination of a police officer. Since defense counsel elicited those statements, defendant cannot complain that the prosecutor subsequently questioned the police informant about them when the informant testified for defendant.

Defendant's request for an agency charge was properly denied because there was no reasonable view of the evidence which tended to support the defense of agency *(see, People v Sanders,* 111 AD2d 525). Whether defendant was acting as an agent is determined by a totality of the circumstances test involving a variety of factors *(see, People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935). Evaluation of the factors in this case leads to the conclusion that defendant was not entitled to an agency charge. Defendant initiated the drug transaction by means of a telephone call; he had never met the buyer, an undercover police officer, prior to the incident; he personally delivered the drugs to the police officer and negotiated the price. "No charge on agency is required, or appropriate, when the testimony essential to the verdict in favor of the People leads to the inevitable conclusion that defendant was not merely accommodating the buyer, but was acting, if not as a principal seller, then at the very least as a middleman or a broker for his supplier" *(People v Argibay,* 45 NY2d 45, 50, *cert denied sub nom. Hahn-Di Guiseppe v New York,* 439 US 930).

Finally, the extensive evidence of chemical analysis testified to by the forensic chemist was more than adequate to support the finding that the substance obtained from defendant was cocaine. (Appeal from judgment of Erie County Court, La Mendola, J.—criminal sale of controlled substance, second degree, and other offenses.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.