■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC MATTICE, Appellant.

Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the second degree (two counts) and criminal possession of a controlled substance in the third degree, defendant contends that the court erred in instructing the jury on the agency defense and in limiting defendant's testimony. Neither contention has merit.

Defendant argues that the court's supplemental charge on agency impermissibly suggested that the existence of a profit motive was determinative of whether defendant was an agent of the buyer. Defendant's challenge to the court's supplemental instruction was not preserved for review since his sole objection to the court's supplemental charge was that it failed to instruct the jury "that the question of agency goes to the intent of the defendant." Additionally, the court outlined numerous factors relevant to the determination whether defendant was an agent and specifically informed the jury, "This is not to say that the acceptance of any benefit must preclude a finding that he is the agent of a purchaser." Finally, any error in the charge would be harmless since defendant was not entitled to an agency instruction. " 'No charge on agency is required, or appropriate, when the testimony essential to the verdict in favor of the People leads to the inevitable conclusion that defendant was not merely accommodating the buyer, but was acting, if not as a principal seller, then at the very least as a middleman or a broker for his supplier' " *(People v Dore,* 129 AD2d 992, 993, quoting *People v Argibay,* 45 NY2d 45, 50, *cert denied sub nom. Hahn-Di Guiseppe v New York,* 439 US 930). The proof as a whole did not permit an inference that defendant was the agent of the buyer, but clearly established that defendant was acting as middleman or an extension of the supplier.

The court did not err in limiting defendant's testimony on direct examination. Defendant was permitted to testify that

his motive for arranging the transactions between undercover police and the supplier, defendant's brother-in-law-to-be, was to set up the supplier in retaliation for beating defendant's sister. The excluded testimony was not highly relevant or critical to the defense. Evidence concerning defendant's reasons for believing that the supplier had beaten his sister was collateral to the proof of defendant's motive and thus it was within the court's discretion to exclude it *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670).

Any error in limiting defendant's redirect examination was harmless. The case against defendant was overwhelming and his defense that he participated in these transactions in order to set up his supplier was incredible. Moreover, defendant's testimony, even if true, would not have established the defense of agency and would not have negated any element of criminal sale (Penal Law § 220.41 [4]). (Appeal from judgment of Supreme Court, Monroe County, Corning, J.—criminal possession of controlled substance, third degree.) Present— Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.