■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUMBERTO QUITTLET, Appellant.—Levine, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered October 7, 1986, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the second degree.

The evidence in the prosecution's case against defendant came mainly from two State Police undercover officers who purchased cocaine from defendant and from Stephen Malone, the police informant who introduced the police officers to defendant. Malone testified that in 1984 and early 1985, he regularly purchased drugs from defendant and Joseph Kozlowski which were procured from large suppliers in the New York City area. These suppliers became suspicious of defendant and Malone when Kozlowski allegedly told the suppliers that they were responsible for the arrest of one of their gang. Malone received death threats and went to the State Police for assistance in July 1985. Thereafter, Malone set up a meeting between defendant and the two undercover officers at

his home in the City of Saratoga Springs, Saratoga County, on September 25, 1985. Malone told defendant that the officers were major drug dealers in the Saratoga area and wanted defendant and his "partner", Robert Benoit, to obtain a regular supply of cocaine for them in the 1-to-2-kilogram range. The purpose of the September 25 meeting was to discuss price and the source of drugs, and to purchase a one-ounce introductory sample. At the September 25 meeting, according to Malone and the officers, defendant brought a sample which was slightly less than the one ounce contemplated, explaining that Benoit had been committed to sell part of the one ounce to someone else. They haggled over the price and eventually settled on the amount of $1,550 which one of the officers paid in cash. They agreed to meet again when defendant decided he had found a reliable supplier in New York City. At defendant's initiation, a second meeting at Malone's home occurred October 28, 1985, when Benoit was present and sold the officers another quantity of cocaine. The next day, the officers gave defendant $200 for air fare to New York City and expenses to obtain drugs which he and Benoit would sell to the officers. Defendant was arrested on December 31, 1985 in Albany County.

Defendant's two main arguments for reversal are that the indictments should have been dismissed on the ground of collateral estoppel and that County Court erred in refusing to charge agency as a defense. The collateral estoppel argument rests on defendant's acquittal in Albany County Court of the charges arising out of the December 31, 1985 arrest. The transcript of the testimony at the Albany County Court trial was submitted on defendant's motion to dismiss the indictment herein. Examination of that transcript discloses that the subject of the charges tried in Albany County Court was an alleged sale to the same undercover agents, with the participation of Malone, on December 31, 1985. On his motion to dismiss the instant indictment, defendant contended that his acquittal of the Albany County charges was based upon the defense of entrapment and necessarily entailed a finding that he was entrapped regarding all transactions involving Malone and the same officers. We disagree. Collateral estoppel will only be applied in a criminal case to bar a subsequent prosecution if a fact which was a *sine qua non* of a conviction in the second trial was necessarily resolved in defendant's favor in the first trial *(see, People v Goodman,* 69 NY2d 32, 38-40). The defendant has the "burden of identifying the particular issue on which he seeks to foreclose evidence and then estab-

lishing that the fact finder in the first trial, by its verdict, necessarily resolved that issue in his favor" *(supra,* at 40). Defendant has not met that burden here. As previously indicated, the Albany County Court trial related to a drug sale subsequent and separate from the September 25, 1985 sale at issue in the instant case. Although the transaction between defendant, Benoit and the two undercover officers on October 28, 1985 at Malone's home was introduced in evidence at the Albany County Court trial to show common scheme or plan and to disprove defendant's entrapment defense, no reference whatsoever was made in the prosecution's case at the Albany County Court trial to the September 25, 1985 transaction. Moreover, defendant's proof at the earlier trial of Malone's and the officers' active encouragement and inducement in support of his entrapment defense *(see,* Penal Law § 40.05) all referred to conduct and events subsequent to the September 25, 1985 sale. Thus, nothing whatsoever was necessarily adjudicated at the first trial which would implicate the issue of whether defendant was entrapped as to the September 25, 1985 sale, the subject of the trial in the instant case *(see, People v Hopkins,* 95 AD2d 870, 871).

We are similarly unpersuaded by defendant's argument that County Court erred in refusing to submit the issue of agency to the jury. That defense must be submitted to the jury if, on any reasonable view of the evidence, it could be found that defendant, in selling narcotics, was acting *solely* as the agent of the buyer *(see, People v Lam Lek Chong,* 45 NY2d 64, 74-76, *cert denied* 439 US 935; *People v Argibay,* 45 NY2d 45, 53-54, *cert denied sub nom. Hahn-Di Guiseppe v New York,* 439 US 930). Defendant's testimony was that he was induced to sell the cocaine to the undercover officers by Malone, his best friend, who asked him to accommodate the officers (whom Malone identified as old friends) as a personal favor to Malone. Defendant also claimed that there was no bargaining over price and that the $1,550 he received was turned over entirely to Benoit, from whom he obtained the drugs for the September 25, 1985 sale. Other portions of his testimony and uncontradicted proof, however, negate the defense as a matter of law. First, the transaction as contemplated was one for the sale of one ounce of cocaine, an amount quite obviously not intended only for the officers' personal use. And, as defendant himself admitted, both before and during the September 25, 1985 transaction the undercover officers were portrayed to him as dealers who wanted to enter into an ongoing arrangement to obtain a regular supply of drugs from Benoit with

defendant acting as middleman. Second, even accepting defendant's claim that he did not profit monetarily from the September 25, 1985 sale, he testified that in his contemplated role as the regular intermediary between Benoit and the officers, he was to be compensated by receiving a small portion of the cocaine in each sale and, in fact, returned to Malone's home later on the evening of September 25, 1985 to pick up his compensatory share. The ongoing nature of the contemplated relationship between defendant and the officers was confirmed by their conceded subsequent dealings and the payment of defendant's expenses as a courier. Moreover, until defendant actually sold the officers the drugs on September 25, 1985, the officers had never met their purported "agent". The foregoing evidence establishes that defendant was by his own admissions at the very least knowingly acting as an intermediary between drug merchants for what was to be a regular course of business, in which he was to be given a substantial benefit in the form of a portion of the drugs sold in each exchange. As such, on no reasonable view of the evidence could a jury have found defendant to be merely an agent (see, People v Lam Lek Chong, supra, at 76; People v Argibay, supra, at 54; People v Dore, 129 AD2d 992, 993).

We have considered defendant's remaining points, including his claim that the sentence he received was excessive, and find them equally without merit. Accordingly, his conviction should be affirmed in all respects.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.