■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GUN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered June 18, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

It is well established that where there is some reasonable view of the evidence that a defendant acted as an instrumentality of the buyer, the court must, upon timely request, charge the jury as to the defense of agency (see, People v Argibay, 45 NY2d 45, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Roche, 45 NY2d 78, cert denied 439 US 958). At trial an undercover detective testified that he met the defendant on a street in Queens. He asked the defendant if he was working. The defendant replied, "I will hook you up, come on". They were together approximately one

hour and walked approximately 13 blocks. Along the way, the defendant stopped to say "hello" to friends and even introduced the undercover officer to some of them. At 54-49 Almeda Avenue they met the codefendant, Brian Hightower, who stood outside the building. Hightower told the defendant how to make a purchase. The undercover officer gave the defendant $10 in "buy" money and the defendant entered the building. When he exited, the defendant gave the undercover officer 2 vials of crack and $1 change. Since a reasonable view of the evidence could support an agency defense, the failure to charge that defense constitutes reversible error *(see, People v Watts,* 57 NY2d 299; *People v Cierzniewski,* 141 AD2d 828). Since the facts supporting the defense of agency were adduced during the People's case, the defendant's assertion of an inconsistent defense does not preclude the requested charge *(see, People v Cierzniewski, supra,* at 829).

In light of the foregoing, we need not reach the defendant's remaining contentions. Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.