■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND HERRING, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered May 31, 1990, convicting defendant, after a jury trial held in absentia, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and sentencing him, as a second felony offender, to concurrent indeterminate terms of eight to sixteen years, unanimously reversed, on the law and facts, and the matter is remanded for a new trial.

By Indictment No. 6649/89, filed August 21, 1989, defendant was charged with acting in concert with one Porfirio Cruz to commit the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The charges stemmed from defendant's actions on August 13, 1989, when he was ap-

proached by an undercover police officer at approximately 4:15 P.M. at 169th Street and College Avenue in the Bronx. The officer inquired whether defendant had any "nickels" and, upon receiving an affirmative answer, followed defendant to a nearby storefront bodega.

Once there, defendant asked the officer how many of the $5 vials of crack he wanted, and was told four. The officer gave defendant $20 in pre-recorded "buy money" and waited outside as defendant entered, spoke with co-defendant Cruz, and exchanged the pre-recorded "buy money" for four vials of a substance later determined by the Police Department chemist to be cocaine. After giving the vials to the officer, defendant left.

Upon the foregoing facts, we conclude that it was error for the trial court to have declined to instruct the jury with respect to the defense of agency. In determining whether a defendant is entitled to such a charge, the trial court must ascertain whether there is "at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" *(People v Argibay,* 45 NY2d 45, 55, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Gibbons,* 156 AD2d 263, *lv denied* 75 NY2d 919; *People v Garay,* 128 AD2d 413, 413-414).

The record before us establishes that defendant was not hawking drugs, or otherwise soliciting customers prior to being approached by the undercover officer, and that he neither requested nor received anything for having participated in the transaction. The "buy money", which was fully recovered when arrests were made minutes later, was recovered from co-defendant Cruz and a third party. In short, the circumstances of this case raised an issue of fact and thus required that the charge of agency be submitted to the jury *(see, People v Roche,* 45 NY2d 78, 86).

In light of this determination, we do not reach the remaining issues raised on appeal. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.