■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO L. MARTINEZ, Appellant. [599 NYS2d 691] —Mahoney, J. Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered August 28, 1990, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

In connection with the Cortland County Drug Task Force's identification of two taverns at the south end of the City of Cortland as locations where cocaine was being sold, Detective Wayne Smith was enlisted to commence an investigation into drug activities there. Accompanied by a confidential informant, Smith went to one of the bars for several hours during which time they observed defendant. One week later they

went to the other bar and again saw defendant. Smith left after establishing eye contact with him. Later that evening Smith and the informant returned and observed defendant standing on a corner outside the bar. Smith approached him and asked if he could purchase a quarter gram of cocaine. Defendant shook his head no. Then Smith asked if he could purchase a half gram and defendant said yes, at which time Smith gave him a $100 bill. Defendant took the money, left, returned approximately 15 minutes later and handed Smith two small ziplocked baggies containing a white substance and $50 change. The substance was later determined by chemical analysis to contain cocaine.

Defendant thereafter was arrested and indicted on the charge of criminal sale of a controlled substance in the third degree in connection with the above incident. Following a jury trial, he was convicted as charged and sentenced as a second felony offender to an indeterminate prison term of 10 to 20 years. Claiming principally that County Court erred in denying his request to charge the agency defense and that he was denied his right to trial by an impartial jury, defendant now appeals.

Initially, we see no error in County Court's determination relative to the agency defense. It is now well established that the agency defense, which is grounded upon the theory that one who acts solely as an agent for the buyer of narcotics cannot be convicted of a criminal sale offense *(see, e.g., People v Ortiz,* 76 NY2d 446, 448-449; *People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958), must be submitted to the jury "if, on any reasonable view of the evidence, it could be found that defendant, in selling narcotics, was acting *solely* as the agent of the buyer" *(People v Quittlet,* 150 AD2d 824, 826, *lv denied* 74 NY2d 899 [emphasis in original]). Contrary to defendant's contentions, given the evidence of the transaction between defendant and Smith, namely, the salesmanlike behavior exhibited by defendant in negotiating the quantity of drugs for sale, the fact that he set the price, dealt directly with Smith and delivered the drugs to him, combined with the fact that there was no personal or other relationship between the two such that it could be said that defendant participated in the sale out of a desire to accommodate a friend and not for a commercial purpose, we concur with County Court's conclusion that no reasonable view of the evidence supports the conclusion that defendant acted *solely* as Smith's agent *(see, People v Greene,* 173 AD2d 638; *People v Guzman,* 156 AD2d 715, *lv denied* 76 NY2d 789; *People v Polsenberg,* 149 AD2d

954, *lv denied* 74 NY2d 745; *cf., People v Herring,* 190 AD2d 505; *People v Gun,* 180 AD2d 647; *People v Cierzniewski,* 141 AD2d 828, *lv denied* 72 NY2d 1044). Rather, the inevitable conclusion is that defendant was acting, if not as a principal seller, then at the very least as a middleman or broker for the supplier *(see, People v Dore,* 129 AD2d 992; *see also, People v Argibay,* 45 NY2d 45, 50, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930).

We have reviewed defendant's remaining contentions and find them to be without merit. Given County Court's extensive voir dire, the fact that none of the jurors had heard the prejudicial remark and the assurances by the jurors that they could render an impartial verdict, we see no abuse of discretion in the court's denial of defendant's motion for a mistrial on the ground of juror prejudice and find that he was not denied his right to trial by an impartial jury *(see, People v Ortiz,* 54 NY2d 288, 292; *People v Lyon,* 134 AD2d 909, 910, *lv denied* 71 NY2d 970). Finally, defendant's reliance on *People v Antommarchi* (80 NY2d 247) for the proposition that County Court committed reversible error in conducting side bar discussions with prospective jurors outside defendant's presence is misplaced. The *Antommarchi* rule applies only to those cases where jury selection has occurred after October 27, 1992. Here, the selection occurred on April 24, 1990 and May 3, 1990. Accordingly, it does not apply *(see, People v Morin,* 192 AD2d 791).

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.