■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERECE CROLEY, Appellant. [628 NYS2d 209] —Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered November 1, 1993, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant claims that her involvement in the drug transaction which resulted in her arrest was limited and that she was accommodating the buyer, who was an acquaintance, by obtaining the drugs for him from the seller. Based upon this claim, defendant argues that, as a matter of law, she was the agent of the buyer or, in the alternative, that County Court erred in denying her request for an agency defense charge to the jury. We reject defendant's argument.

The issue of whether a defendant is criminally responsible as a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case (see, *People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935), but the issue never arises unless some reasonable view of the evidence supports the theory that the defendant was acting only on behalf of the buyer (see, *People v Herring*, 83 NY2d 780, 782; *People v Quittlet*, 150 AD2d 824, 826, *lv denied* 74 NY2d 899). Evidence that defendant was acting as an intermediary is insufficient to warrant an agency defense charge (see, *People v Argibay*, 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York*, 439 US 930).

According to the buyer, who was the only participant of the drug transaction to testify, he initiated the transaction by calling defendant because she had told him that people in her neighborhood sold drugs and she could "hook [him] up with someone". The transaction occurred in the kitchen of defendant's apartment, where defendant handed the buyer two packages of cocaine and the buyer gave $200 to defendant. After

the exchange, defendant asked whether the buyer was interested in an additional half-ounce of cocaine, which she displayed for the buyer's inspection. Defendant called another man into the kitchen to determine the price of the additional cocaine. The second transaction was not completed because the buyer had no more money. Considering all of the evidence, including defendant's offer to facilitate a drug transaction, her direct participation in the exchange of drugs and cash in her apartment, the merchant-like manner in which she solicited a second transaction and her understanding of drug terminology, we conclude that no reasonable view of the evidence supports the theory that defendant acted *solely* as the agent of the buyer (*see, People v O'Berg*, 180 AD2d 764; *see also, People v Argibay, supra*). Defendant claims that she did not profit from the transaction, but the evidence shows that she received $200 from the buyer. Defendant also claims that the fact that she was acquainted with the buyer is relevant to the agency defense. We agree (*see, People v Lam Lek Chong, supra*, at 75), but considering all of the other evidence in this case, we are of the view that defendant's acquaintance with the buyer is insufficient, in and of itself, to create the necessary reasonable view of the evidence to require an agency defense charge.

Defendant's remaining argument concerns the $8^1/3$ to 25-year prison sentence she received, which she claims is unduly harsh and excessive. Although the present conviction was defendant's first felony conviction and first conviction for a drug-related offense, she has an extensive criminal history involving larcenous behavior. We see no abuse of discretion in the sentence imposed and no extraordinary circumstances which would warrant modification (*see, People v Tinning*, 142 AD2d 402, 408-409, *lv denied* 73 NY2d 1022).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.