■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN TAYLOR, Appellant. [647 NYS2d 902] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault in the first degree. Defendant contends that he should be afforded a new trial because County Court deprived him of the right to

impeach a prosecution witness with prior inconsistent statements. We disagree. The record demonstrates that, after defense counsel made several attempts at impeachment, an off-the-record discussion took place at the Bench. Following the discussion, defense counsel abandoned his attempt to impeach the witness with prior inconsistent statements and pursued an unrelated line of questioning. The record does not indicate whether, during the off-the-record discussion, the court prohibited defense counsel from impeaching the witness. "Because it is appellant's burden to present a clear factual record for review (*see, e.g., People v Kinchen*, 60 NY2d 772, 774; *People v Olivo*, 52 NY2d 309, 320), and because the record is insufficient to allow us to determine whether the claimed error occurred (*see, People v Cheney*, 178 AD2d 1007, *lv denied* 79 NY2d 945), we cannot review defendant's claim of error" (*People v Larrabee*, 201 AD2d 924, *lv denied* 83 NY2d 855).

We further conclude that the court's denial of defendant's request to recall that same prosecution witness for further cross-examination did not constitute an improvident exercise of discretion (*see, People v Olsen*, 34 NY2d 349, 353). Defense counsel had a full and fair opportunity to cross-examine the witness, and the fact that the testimony of the witness varied slightly from a prior statement he made to the police did not require further cross-examination (*cf., People v Sepulveda*, 105 AD2d 854, 856).

Finally, we reject the contention that the court deprived defendant of the right to present a defense by restricting the scope of his testimony on redirect examination. Defendant testified at length about his mental state, which was the only disputed issue at trial. "The extent of redirect examination is, for the most part, governed by the sound discretion of the trial court" (*People v Melendez*, 55 NY2d 445, 451), and there is no evidence that the court abused its discretion in this case. In any event, because the proof of guilt is overwhelming and there is no significant probability that defendant would have been acquitted but for the alleged error, any error is harmless (*see, People v Crimmins*, 36 NY2d 230, 242; *People v Mattice*, 140 AD2d 978, 979, *lv denied* 72 NY2d 921). (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Doerr and Balio, JJ.