■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL HILL, Appellant. [653 NYS2d 880] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree. Defendant's argument that the Grand Jury was not properly instructed on the agency defense is not preserved for our review because defendant did not move to dismiss the indictment on that ground (*see, People v Waldron,* 162 AD2d 485, 486; *People v Lambert,* 92 AD2d 550, 551, *affd* 61 NY2d 978).

The involvement of County Court in questioning a prosecution witness did not rise to the level of interference that has been condemned by this Court (*cf., People v Jacobsen,* 140 AD2d 938, 940). We reject the argument of defendant that the police lacked probable cause to arrest him. The People disproved defendant's agency defense beyond a reasonable doubt. By failing to request an accomplice charge or to object to the charge as given, defendant failed to preserve for our review his present contention that the court should have instructed the jury that the informant was an accomplice as a matter of law (*see, People v Velasquez,* 76 NY2d 905, 908). In any event, any error in failing to give that instruction is harmless in light of the overwhelming evidence corroborating the informant's testimony (*see, People v Adams,* 185 AD2d 680, *lv denied* 80 NY2d 926). Although the People failed to provide the defense with the complete criminal history of a prosecution witness in a timely manner, the error is harmless. The proof of defendant's guilt is overwhelming and there is no significant probability that the verdict would have been different had the jury been made aware of the additional convictions of the witness (*see, People v Welch,* 154 AD2d 946). The sentence is legal, and we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.