■ The People of the State of New York, Respondent, v Charlton Hightower, Appellant. [654 NYS2d 759] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered April 19, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 22 years to life and 20 years to life, respectively, unanimously affirmed.

The court properly denied defendant's request for a temporary lawful possession charge, since there was no reasonable view of the evidence supporting such charge (*People v Banks*, 76 NY2d 799, 801; *People v Snyder*, 73 NY2d 900; *People v Williams*, 50 NY2d 1043).

Since defendant had made a statement to the police consisting, under the circumstances, of an admission of guilt, he was properly cross-examined concerning that statement's omission of the exculpatory material defendant presented in his testimony (*People v Savage*, 50 NY2d 673, *cert denied* 449 US 1016; *People v Spinelli*, 214 AD2d 135, 141-142). We further conclude that defendant's cross-examination of the arresting officer concerning defendant's postarrest statement and subsequent silence opened the door to redirect examination on the same subject.

The court's *Sandoval* ruling was a proper exercise of discretion (*see, People v Pavao*, 59 NY2d 282, 292).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.