(October 15, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. GERACI, Appellant. [681 NYS2d 362] —Graffeo, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered April 9, 1997, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

On October 28, 1995, Robert Missini was working as an undercover State Trooper in a narcotics investigation in the Town of Cobleskill, Schoharie County, with a confidential informant, Matt Priotti. Missini and Priotti approached defendant at a gas station and after a short conversation with Priotti, defendant entered Missini's automobile. The three men proceeded to a college campus in Cobleskill and after being advised by defendant that it would cost $50 for LSD and $80 for cocaine, Missini gave $130 to defendant. Defendant exited the vehicle and entered a building, but upon his return he claimed that he was unable to obtain the drugs. Defendant then directed Missini to another location on campus and about 5 to 10 minutes after leaving the vehicle, defendant returned with a bag of cocaine. Defendant handed the bag to Missini and since he was unable to obtain the LSD, he returned $50 to Missini. Thereafter, defendant was driven back to his automobile at the gas station and arrested several days later. Following a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. He was sentenced to indeterminate prison terms of 1 to 3 years on both counts, the sentences to run concurrently. Defendant appeals.

Defendant first contends that County Court erred in denying his motion to dismiss based on the People's alleged failure to meet their burden of proof and overcome defendant's agency defense. The agency defense is based on the proposition that defendant acted as a mere agent of the buyer which may negate the "sale" element of the charge (*see, People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935; *People v Roche*, 45 NY2d 78, 82-83, *cert denied* 439 US 958; *People v Pierce*, 112 AD2d 527, 529). The determination of whether defendant is a seller or acting as an agent of the purchaser is a factual question which should generally be resolved by the jury (*see, People v Lam Lek Chong, supra*, at 74-75; *People v Roche, supra*, at 85-86; *People v Croley*, 216 AD2d 690, *lv denied* 86 NY2d 793).

Here, defendant, while having no prior relationship with Missini, readily agreed to provide LSD and cocaine to Missini, directed Missini and Priotti to a specific location to obtain drugs, stated the purchase price and delivered the drugs to Missini. Viewing the evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621) and giving deference to the jury's determination (*see, People v Rotundo*, 194 AD2d 943, 944, *lv denied* 82 NY2d 726), we find that the

record amply supports the jury's determination that the People proved beyond a reasonable doubt that defendant was a seller (*see, People v Thomas*, 205 AD2d 838), notwithstanding defendant's manifestation of certain characteristics of an intermediary (*see, People v Artis*, 232 AD2d 729, 731, *lv denied* 89 NY2d 1088; *People v Croley, supra*).

Defendant's argument that County Court's jury instruction with respect to agency was erroneous was not preserved for review since defendant failed to object after the jury was charged by the court (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10; *People v Lauderdale*, 243 AD2d 760, *lv denied* 91 NY2d 875), nor do we find that this issue warrants reversal in the interest of justice (*see, People v Ladd*, 220 AD2d 849, *lv denied* 87 NY2d 923). The record demonstrates that prior to the court charging the jury, defense counsel stated no objection to the proposed agency charge. Additionally, defense counsel was provided with an opportunity to submit a proposed version of the charge but declined to do so (*see, Darwak v Benedictine Hosp.*, 247 AD2d 771, 772, *appeal dismissed* 92 NY2d 845).

Defendant also asserts that the prosecutor's remark during summation that the case was not obscured by any contradiction from defendant was an improper comment on defendant's failure to testify. However, this issue was not preserved for review based on defendant's failure to object (*see*, CPL 470.05 [2]; *People v Fleming*, 70 NY2d 947). In any event, any error in this regard was harmless in light of the overwhelming evidence of guilt and the remoteness and nature of the comment (*see, People v Wolf*, 176 AD2d 1070, 1071), which was made in response to the defense's remarks that the People's case consisted of inconsistencies and discrepancies.

Defendant's claim that County Court improperly instructed the jury that a police chemist testifying on behalf of the People was an expert witness and erroneously permitted him to provide opinion testimony was also not preserved for review since defendant did not object to any of the testimony or to the court's instruction to the jury (*see, People v Gray, supra*, at 19; *People v Fleming; supra*, at 948). Regardless, the admissibility and extent of expert testimony is addressed to the sound discretion of the trial court and the record amply demonstrates that the witness had sufficient experience and training from which County Court may have concluded that the expert opinion was reliable (*see, People v Cronin*, 60 NY2d 430; *People v Van Sickle*, 120 AD2d 897, 899, *lv denied* 68 NY2d 760).

We further find no support in the record that defendant was prejudiced by a disclosure of confidential information by his

former attorney to a prosecution witness. Lastly, defendant's contention that County Court improperly permitted two witnesses to testify with respect to statements of defendant heard over an electronic radio transmitter worn by Missini is unavailing. The statements of these two individuals constituted admissions of defendant and were, therefore, an exception to the hearsay rule (*see, People v Knox*, 232 AD2d 811, 812, *lv denied* 89 NY2d 943).

We have considered the remainder of defendant's contentions and find them to be without merit.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Schoharie County for further proceedings pursuant to CPL 460.50 (5).