■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR COLEMAN, Appellant. [728 NYS2d 603] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We reject defendant's contention that the verdict is against the weight of the evidence. The jury's assessment of the credibility of the witnesses is entitled to great deference, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). The sentence is not unduly harsh or severe.

We agree with defendant, however, that County Court erred in denying his request for an instruction on the agency defense. In determining whether defendant was entitled to such an instruction, "the trial court was required to view the trial evidence in the light most favorable to the defendant and to give the instruction if 'some evidence, however slight * * * support[s] the inference that the supposed agent was acting, in effect, as an extension of the buyer'" (*People v Ortiz,* 76 NY2d 446, 448, *remittitur amended* 77 NY2d 821). Here, defendant

testified that he did not sell drugs and that he was merely helping the undercover police officer, who had approached defendant, to obtain cocaine (*cf., People v Herring,* 83 NY2d 780, 782-783). Defendant further testified that he wanted to smoke the cocaine with the officer, and that money was never discussed or exchanged. That evidence was sufficient to require an instruction on the agency defense (*see, People v Sierra,* 45 NY2d 56, 58-59; *People v Williams,* 202 AD2d 1004, 1004-1005; *cf., People v Herring, supra,* at 782). We therefore reverse the judgment and grant a new trial. (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.