■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK FITZGERALD PARDNER, Appellant. [828 NYS2d 746]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered March 31, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). The contention of defendant that he was deprived of his right to counsel under New York law is properly before us (*see generally People v Ramos*, 99 NY2d 27, 30 [2002]; *People v Kinchen*, 60 NY2d 772, 773-774 [1983]) but is lacking in merit. The record "does not support the contention[ ] of defendant that he was interrogated . . . after a felony complaint had been filed" (*People v Spirles*, 275 AD2d 980, 982 [2000], *lv denied* 96 NY2d 807 [2001]).

Supreme Court did not err in denying defendant's requests to charge the defenses of agency and temporary innocent possession. Viewing the trial evidence in the light most favorable to defendant, we conclude that there is no reasonable view of the evidence that supports the inference that "defendant, in selling narcotics, was acting 'solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer' " (*People v Magee*, 263 AD2d 763, 765 [1999], quoting *People v Ortiz*, 76 NY2d 446, 449 [1990], *remittitur amended* 77 NY2d 821 [1990]; *see People v Wilkins*, 26 AD3d 754 [2006]; *cf. People v Coleman*, 284 AD2d 915 [2001]). Indeed, defendant lacked any prior relationship with the undercover officer posing as the buyer (*see Wilkins*, 26 AD3d at 755, citing *People v Herring*, 83 NY2d 780, 782-783 [1994]). Assuming, arguendo, that the defense of temporary innocent possession is applicable to cases involving possession of a controlled substance (*see generally* Public Health Law § 3305 [1]; *People v E.C.*, 195 Misc 2d 680, 683-686 [2003]), we conclude that there is no reasonable view of the evidence that supports the inference that defendant's possession of the cocaine was innocent (*see People v Banks*, 76 NY2d 799, 801 [1990]; *People v Snyder,* 73 NY2d 900, 901-902 [1989]; *People v Williams*, 50 NY2d 1043, 1044-1045 [1980]; *People v Hightower*, 237 AD2d 166 [1997], *lv denied* 89 NY2d 1094 [1997]).

"[D]espite defense counsel's comments at sentencing, defendant was not denied effective assistance of counsel" (*People v McQuiller*, 19 AD3d 1043, 1045 [2005], *lv denied* 5 NY3d 808 [2005]; *see People v Purnell*, 22 AD3d 871 [2005]; *People v Rodriguez*, 18 AD3d 239, 240 [2005], *lv denied* 5 NY3d 793 [2005]; *cf. People v Lawrence*, 27 AD3d 1091 [2006]). Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.