THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. WILLIAMS, Appellant. [902 NYS2d 744]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered October 16, 2008. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that County Court erred in denying his request to include an instruction on the agency defense in the court's jury charge. We reject that contention, inasmuch as "there is no reasonable view of the evidence that supports the inference that defendant, in selling narcotics, was acting solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer" (*People v Pardner*, 37 AD3d 1069, 1070 [2007], *lv denied* 9 NY3d 849 [2007] [internal quotation marks omitted]; *see People v Ortiz*, 76 NY2d 446, 448 [1990], *remittitur amended* 77 NY2d 821 [1990]). Indeed, the evidence presented at trial established that defendant told the buyer to call "any time [he] need[ed] something," and defendant offered his home as a potential meeting place for a second drug transaction (*see People v Croley*, 216 AD2d 690 [1995], *lv denied* 86 NY2d 793 [1995]). In addition, the evidence at trial established that defendant directly profited from the drug sale (*see Ortiz*, 76 NY2d at 449; *People v Hunt*, 50 AD3d 1246, 1247-1248 [2008], *lv denied* 11 NY3d 789 [2008]; *Croley*, 216 AD2d 690 [1995]).

Defendant failed to preserve for our review his contention that Penal Law § 220.39 (1) is unconstitutional (*see* CPL 470.05 [2]) and, in any event, that contention is without merit (*see People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]; *People v Chillis*, 60 AD2d 968, 969 [1978]).

Finally, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.