◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS HARRIS, Appellant. [902 NYS2d 735]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 11, 2009. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that County Court erred in refusing to suppress a witness's identification of defendant from a photo array and defendant's statements to the police. We reject that contention. The photo array was not unduly suggestive inasmuch as it did not "create a substantial likelihood that the defendant would be singled out for identification" (*People v*

*Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). We further conclude that defendant was not in custody at the time he made the statements to the police (*see People v Sanderson*, 68 AD3d 1716 [2009]; *see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Defense counsel advised the court that he was not requesting a jury charge with respect to the voluntariness of defendant's statements to the police, and defendant therefore waived his further contention that he was deprived of due process by the court's failure to give such a charge (*see generally People v Carter*, 38 AD3d 1291 [2007]).

The court properly determined that the inmate to whom defendant spoke concerning the crime "was not acting as an agent of the government because he was working independently of the prosecution and the information was not sought by the prosecutor but, rather, was passively received by the prosecutor" (*People v Davis*, 38 AD3d 1170, 1171 [2007], *lv denied* 9 NY3d 842 [2007], *cert denied* 552 US 1065 [2007]). Defendant's contention that the evidence is not legally sufficient to support the conviction is not preserved for our review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). Defendant also failed to preserve for our review his contention that the court erred in failing to afford him youthful offender status inasmuch as he never requested youthful offender status (*see People v Ficchi*, 64 AD3d 1195 [2009], *lv denied* 13 NY3d 859 [2009]; *see generally People v McGowen*, 42 NY2d 905, 906 [1977], *rearg denied* 42 NY2d 1015 [1977]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.