■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRSSY KNAPP, Also Known as KIRSSY MEDOS, Appellant. [913 NYS2d 470]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered September 11, 2009. The judgment convicted defendant, upon a jury verdict, of body stealing (26 counts), opening graves (26 counts), unlawful dissection of the body of a human being (26 counts) and falsifying business records in the first degree (25 counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of 26 counts each of body stealing (Public Health Law § 4216), opening graves (§ 4218), and unlawful dissection of the body of a human being (§ 4210-a), as well as 25

counts of falsifying business records in the first degree (Penal Law § 175.10). Defendant failed to preserve for our review her contention that the counts of the indictment charging her with body stealing and opening graves were duplicitous (*see People v Sponburgh*, 61 AD3d 1415 [2009], *lv denied* 12 NY3d 929 [2009]). Defendant likewise failed to preserve for our review her contention that she should have been permitted to assert Public Health Law § 4306 (3) as a "complete defense" to her prosecution under Public Health Law article 42 inasmuch as she failed to raise that contention either in her pretrial motions or prior to the close of proof at trial (*see generally People v Fuentes*, 52 AD3d 1297 [2008], *lv denied* 11 NY3d 736 [2008]; *People v Hill*, 236 AD2d 799 [1997], *lv denied* 89 NY2d 1036 [1997]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that Supreme Court erred in denying her request to charge the jury on the "good faith" defense set forth in Public Health Law § 4306 (3). Insofar as defendant contends that the court erred in refusing to charge Public Health Law § 4306 (3) with respect to the falsifying business records counts, we conclude that she waived that contention inasmuch as she acknowledged at trial that section 4306 (3) is not a defense to those counts (*see generally People v Harris*, 74 AD3d 1844 [2010], *lv denied* 15 NY3d 893 [2010]). As for the remaining counts, we conclude that there is no reasonable view of the evidence that defendant acted "in good faith in accord with the terms of [article 43]," which concerns anatomical gifts (Public Health Law § 4306 [3]; *see generally People v Williams*, 74 AD3d 1834 [2010], *lv denied* 15 NY3d 857 [2010]; *People v Cobb*, 72 AD3d 1565, 1567 [2010], *lv denied* 15 NY3d 803 [2010]). The evidence introduced at trial established that defendant and the BioMedical Tissue Services (BTS) employees under her supervision removed tissue and/or bone from the decedents without consent from the donors or their next of kin. Indeed, the People presented evidence establishing that defendant instructed BTS employees to sign blank consent forms as witnesses for use in future recoveries, and those forms were subsequently filled out with false information. Notably, numerous falsified consent forms and other BTS records related to the illegal recoveries were in defendant's handwriting or bore defendant's signature.

Defendant's constitutional challenge to Public Health Law article 42 is not properly before us inasmuch as there is no indication in the record that the Attorney General was given the requisite notice of that challenge (*see* Executive Law § 71 [3]; *People v Perez*, 67 AD3d 1324, 1326 [2009], *lv denied* 13

NY3d 941 [2010]). In any event, that challenge is unpreserved for our review inasmuch as defendant did not move to dismiss the indictment on the ground that the Public Health Law statutes in question are unconstitutionally vague, either facially or as applied (*see People v Iannelli*, 69 NY2d 684 [1986], *cert denied* 482 US 914 [1987]; *cf. People v Bakolas*, 59 NY2d 51, 53 [1983]), and defendant did not otherwise make her position on that issue known to the court prior to or during the course of the trial (*see Iannelli*, 69 NY2d at 685). The belated constitutional challenge raised by defendant in her post-trial motion to set aside the verdict pursuant to CPL 330.30 is insufficient to preserve that challenge for our review (*see People v Davidson*, 98 NY2d 738, 739-740 [2002]).

In her motion for a trial order of dismissal, defendant failed to raise any of the specific challenges now raised on appeal and thus failed to preserve for our review her challenges to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant likewise failed to preserve for our review her challenges to the jury instructions inasmuch as she did not raise those challenges at trial (*see* CPL 470.05 [2]; *Cobb*, 72 AD3d at 1566-1567; *People v Burch*, 256 AD2d 1233 [1998], *lv denied* 93 NY2d 871 [1999]), and we decline to exercise our power to review those challenges to the jury instructions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject the contention of defendant that she was denied effective assistance of counsel based on defense counsel's failure to make certain motions. It is well established that "[d]eprivation of appellate review . . . does not per se establish ineffective assistance of counsel" (*People v Acevedo*, 44 AD3d 168, 173 [2007], *lv denied* 9 NY3d 1004 [2007]). "[R]ather, a defendant must also show that his or her [motion] would be meritorious upon appellate review" (*People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]), and here defendant failed to make that showing. Moreover, viewed as a whole and as of the time of the representation, the record reflects that trial counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Centra, J.P., Peradotto, Carni and Sconiers, JJ.