■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BLUME, Appellant. [937 NYS2d 724]—Egan Jr., J.

We affirm. The various arguments raised by defendant are either unpreserved for our review or lacking in merit. As to the

asserted *Wade* violation, County Court indicated that it would not be conducting a *Wade* hearing with respect to defendant because, as noted previously, the victim was unable to identify defendant as one of his attackers and the People did not intend to pursue any such identification testimony at trial. Defendant voiced no objection to County Court's ruling and, therefore, his present argument is unpreserved for our review (*see* CPL 470.05 [2]; *People v Belle,* 74 AD3d 1477, 1480 [2010], *lv denied* 15 NY3d 918 [2010]). Moreover, we discern no circumstances that would warrant the exercise of our interest of justice jurisdiction in this regard.

With respect to the corroboration issue, the crux of defendant's argument on this point is that County Court erred in failing to charge the jury that DiLauro and Rivera were accomplices as a matter of law. In response to a request made by Pagan's counsel, County Court charged the jury that Thomas was an accomplice as a matter of law and submitted for the jury's consideration whether DiLauro and Rivera were accomplices as a matter of fact. A review of the transcript reveals that defendant neither objected to the proposed charge, requested an alternative charge, filed an exception to the charge ultimately given nor made an additional request to charge. Accordingly, defendant failed to preserve this issue for our review (*see People v Wright,* 81 AD3d 1161, 1162 [2011], *lv denied* 17 NY3d 803 [2011]; *People v Kennedy,* 78 AD3d 1233, 1236 [2010], *lv denied* 16 NY3d 896 [2011]; *People v Tabb,* 12 AD3d 951, 953 [2004], *lv denied* 4 NY3d 768 [2005]; *People v Hill,* 236 AD2d 799, 800 [1997], *lv denied* 89 NY2d 1036 [1997]; *People v Woodham,* 158 AD2d 494, 495 [1990]). To the extent that defendant's submissions may be read as challenging the legal sufficiency of the evidence supporting the verdict, we need note only that defendant did not move to dismiss the indictment until after the jury rendered its verdict, thereby failing to preserve this issue for our review (*see People v Doyle,* 48 AD3d 961, 962 [2008], *lv denied* 10 NY3d 862 [2008]; *People v Gathers,* 47 AD3d 959, 959 [2008], *lv denied* 10 NY3d 863 [2008]; *compare People v Lee,* 80 AD3d 877, 878 n 1 [2011] [specific motion to dismiss made at the close of the People's case and renewed after the defendant presented evidence], *lv denied* 16 NY3d 833 [2011]).[6] Similarly, defendant's claim that the verdict was against the weight of the

___

6. Although defense counsel admittedly "reserve[d]" on the motion for a trial order of dismissal with County Court's blessing (and arguably at its behest), neither the parties nor the trial court may fashion or acquiesce to a procedure that effectively contravenes the preservation requirement or otherwise undermines the rationale therefor (*see generally People v Gray,* 86

evidence was raised for the first time in his reply brief and, as such, is not properly before us (*see People v Davenport*, 58 AD3d 892, 894 [2009], *lv denied* 12 NY3d 782 [2009]).

Finally, given the violent nature of the attack upon the victim, we reject defendant's assertion that the sentence imposed is harsh or excessive. Moreover, we note that defendant's reliance upon Penal Law § 70.25 (3) is misplaced, as that provision deals with alternative definite sentences imposed under Penal Law § 70.00 (4) for class D and E felonies, not—as is the case here— determinate sentences imposed under Penal Law § 70.02 (b) for class C violent felonies. Defendant's remaining contentions, including his claimed *Brady* violation, have been examined and found to be lacking in merit.

Peters, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

NY2d 10, 20-21 [1995]). In any event, if defendant's various corroboration claims were properly before us, we would find them to be lacking in merit.