# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

789

KA 10-00056

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BLAIR CHATTLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 27, 2009. The appeal was held by this Court by order entered November 18, 2011, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (89 AD3d 1557). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and reckless endangerment in the first degree (§ 120.25). We previously held this case, reserved decision and remitted the matter to Supreme Court to rule on defendant's motion to withdraw his guilty plea (*People v Chattley*, 89 AD3d 1557). Upon remittal, the court denied the motion, and we now affirm.

Although defendant contends that the court erred in denying his pro se motion to withdraw his plea, the motion papers are not included in the record on appeal, and thus defendant failed to meet his burden of providing us with a complete record (*see generally People v Kinchen*, 60 NY2d 772, 774; *People v Taylor*, 231 AD2d 945, 946, *lv denied* 89 NY2d 930). In any event, based on the record before us, we perceive no reason to conclude that the court erred in denying the motion.

Defendant's further contention that he was deprived of effective assistance of counsel does not survive his waiver of the right to appeal, the validity of which he does not challenge, inasmuch as defendant " 'failed to demonstrate that the plea bargaining process

was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (*People v Lucieer*, ___ AD3d ___, ___ [June 14, 2013]).  Here, defendant does not assert that his motion to withdraw his plea was based on grounds of ineffective assistance of counsel, nor does he suggest that, but for defense counsel's errors or omissions, he would not have pleaded guilty.  Indeed, the alleged failings of defense counsel, who, according to defendant, took a position adverse to his interests, occurred after defendant entered his plea.

Entered:  July 19, 2013                           Frances E. Cafarell
                                                  Clerk of the Court