■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK COTROFELD, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 11, 1980, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree. Defendant urges reversal of his conviction for the refusal of the trial court to charge the defense of agency, despite defendant's timely request therefor. As noted in *People v Sierra* (45 NY2d 56), *People v Lam Lek Chong* (45 NY2d 64) and *People v Argibay* (45 NY2d 45), the underlying theory of the agency defense in drug cases is that one who acts as a procuring agent for the buyer alone is a principal or coconspirator in the purchase rather than in the sale of the contraband (*People v Roche,* 45 NY2d 78, 82), and incurs no greater criminal liability than does the purchaser he aids (*id.,* at p 83). Therefore, the existence of an agency relationship should be submitted to the jury with appropriate instructions if a reasonable view of the evidence reveals that the defendant acted as a mere instrumentality of the buyer (*People v Argibay, supra,* p 53). The ultimate question to be determined on broad grounds, not susceptible of meticulous definition, is "whether the defendant was an independently culpable actor in the making of the sale rather than an abettor of the buyer in effecting the purchase" (*People v Roche, supra,* p 87 [Breitel, Ch. J., Jones and Wachtler, JJ., concurring]). When these rules are applied to the evidence in this case, it must be concluded that the trial court committed reversible error by refusing to charge the defense of agency. The sale herein, if in fact a sale occurred, was instigated by Detective Fargione on September 8, 1979. He compelled William Hulett, an acquaintance of defendant, to make the initial phone call from the police station to defendant by offering Hulett a favorable

disposition of a criminal possession charge then pending against Hulett. Pursuant to Fargione's instructions, Hulett originally asked defendant to obtain LSD for a "customer", who was described as a boyfriend of Hulett's cousin, and who was willing to pay "a good price". Significantly, defendant replied that he was unable to obtain LSD. Hulett then asked for "downs" and defendant did not have any, but said that he thought he could get some and that Hulett should call him later. Hulett called back in half an hour and was told that the pills were obtainable. However, defendant had to be picked up by Hulett at a store on Carmen Road in the Town of Guilderland, for the "downs" were not in his possession but in a house in the City of Albany. When defendant was picked up in Detective Fargione's car by Fargione and Hulett, defendant was accompanied by a friend named Donnaruma. When the detective objected to the presence of Donnaruma, he was informed that defendant and his friend were going to attend a church bazaar in Albany. Defendant directed the detective to drive to Park Avenue in Albany where defendant alone entered the private home of a man named Connell and, after 10 minutes, returned with a brown prescription bottle containing five Valium pills. On the trip to this residence, there was no talk of drugs or price, nor any exchange of money. Connell, who was said to be taking Valium, was described as a personal friend of defendant's mother. It was not stated that the possession of that drug by Connell was for sale or that it was in any way illegal or unauthorized. When defendant returned to the vehicle with the bottle containing the five pills, the question of their price was discussed for the first time. Defendant claims he handed the bottle to Hulett and that it was Hulett who told the detective that the pills were worth $1 apiece. When the detective produced a $10 bill, no one in the car could change it, and defendant testified that it was Hulett who suggested that the pills were worth $10 since the bottle containing them was refillable as a prescription. When the detective agreed and gave the $10 to defendant, defendant said he felt guilty since he had taken the pills from his mother's friend and, according to his testimony, he gave the $10 back to Hulett. After the car was driven away from Park Avenue, defendant, Hulett and Donnaruma left it to attend the bazaar. Considering the amount, the number and the kind of pills, and the circumstances surrounding the manner in which they were obtained, as related above, the evidence fairly presents a jury question as to whether defendant was doing a favor for a friend of his friend Hulett and acting as an agent, not as a seller or a promoter of the transaction, or as a merchant trading in narcotics, or as a broker furthering his own interests. Defendant's conviction must, therefore, be reversed and a new trial ordered. In view of the reversal of defendant's conviction being ordered herein, it is unnecessary to consider defendant's claim of the excessiveness of his sentence. Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.