■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PIERCE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered December 21, 1982, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant was indicted on a single count of criminal sale of a controlled substance in the fifth degree as the result of an alleged sale of two packets containing methamphetamine to an undercover officer on July 15, 1982. The prosecution contended that on July 14, 1982, Susan Andrews, an undercover agent with the State Police, and her confidential informant, David Clark, accompanied one Robert Corwin to a house on Rejmer Road in the Town of Berkshire, Tioga County, where defendant was residing. The purpose was to effect a purchase. Corwin introduced Andrews to defendant as Clark's girlfriend from Canada. Andrews advised defendant that she wished to purchase one-half gram of methamphetamine, a controlled substance commonly known as "speed" or "crank". Defendant indicated that he did not then have any drugs, but that he expected his supplier momentarily and suggested that she wait. Defendant told Andrews that one-half gram of good quality methamphetamine would cost her $50, which Andrews recognized to be within the normal price range. While waiting, defendant and Andrews twice drove around the surrounding area looking unsuccessfully for the supplier. During this period, defendant admitted that he injected methamphetamine and was selling drugs, not so much to make a profit as to support his own habit. Andrews observed visible needle marks on defendant's arms. Defendant also admitted having previously supplied Corwin with drugs to sell. After several hours, Andrews and Clark decided to leave and, at defendant's suggestion, agreed to return the next day.

Upon their return, defendant asked Clark to accompany him to a separate location to retrieve the drugs. Clark agreed and they went to an apartment in nearby Speedsville, where defendant showed him two packets of methamphetamine. Clark, who had participated in 9 or 10 undercover operations with the authorities, testified that the substance appeared to be methamphetamine, and described how defendant removed a portion of the drug from one packet and replaced it with caffeine. Defendant and Clark returned to the Rejmer Road location where, with Clark as intermediary, the packets were turned over to Andrews in exchange for $50.

Defendant controverted the People's version of events, testifying that Clark and Andrews repeatedly came to his residence during June and July 1982 asking for drugs, and that he repeatedly told them he could not help. Defendant explained that he fortuitously encountered a dealer on July 14, 1982 at a nearby convenience store, who offered to sell defendant a quantity of caffeine. Defendant returned to Rejmer Road and, after obtaining Clark's approval, both he and Clark purchased the caffeine. It is the caffeine which defendant acknowledges that he provided for Andrews, not methamphetamine.

After six hours of deliberation, the deadlocked jury returned to the courtroom at 1:08 A.M. The trial court delivered a supplemental charge emphasizing the importance of arriving at a verdict. Upon inquiry, the jury elected to continue deliberation rather than adjourn to the morning. Defendant objected, contending that the instruction was coercive. Shortly thereafter, jury deliberations were interrupted when a juror fell ill. The trial court again inquired as to whether the jurors could reach a verdict within a reasonable time or preferred to be discharged. They elected to continue and, at approximately 2:35 A.M., returned a verdict of guilty as charged. Defendant received an indeterminate sentence of 1 1/2 to 4 1/2 years' imprisonment. This appeal ensued.

Defendant initially maintains that the People failed to establish that he knowingly sold methamphetamine because the test results were inconclusive and, in any event, argues that he merely intended to sell caffeine, not methamphetamine. We disagree. Viewing the evidence as we must in a light most favorable to the People, since it must be assumed the jury credited the People's proof (*People v Kennedy,* 47 NY2d 196, 203; *People v Scarincio,* 95 AD2d 967, 968), we find ample basis in the record to support the jury verdict. The People were required to establish that defendant "knowingly and unlawfully [sold] a controlled substance", in this case methamphetamine (Penal Law § 220.31; *see, People v Trent,* 71 AD2d 866). After a battery of tests, the People's forensic scientist confirmed that both packets specifically contained methamphetamine, albeit in an undetermined quantity. Moreover, this identification was corroborated by Clark, an experienced informant who stated his opinion that the substance was methamphetamine (*see, People v Lynch,* 85 AD2d 126), and by the context of the negotiations which dealt exclusively with methamphetamine (*see, People v Houston,* 72 AD2d 369). Thus, the jury's determination that the substance in question

was in fact methamphetamine is supported in the record. As to whether defendant merely intended to sell caffeine, the trial court properly instructed the jury that it must find that defendant knowingly intended to sell methamphetamine in order to sustain a conviction. No further explanation was necessary. The jury resolved this factual issue in favor of the People.

Defendant unpersuasively argues that the evidence was insufficient to disprove that he was the buyer's agent and that the agency charge to the jury was erroneous. The essence of the agency defense is that one who merely serves as an instrumentality of the buyer is not criminally liable for the sale (*People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935; *see, People v Cotrofeld,* 86 AD2d 940). The determination of this issue presents a factual question for jury resolution based on the prevailing circumstances (*People v Lam Lek Chong, supra,* pp 74-75). While defendant testified that he merely acted without commercial interest to accommodate Andrews, who in fact initiated the transaction, several factors militate against a finding of agency in this case: defendant only recently met both Andrews and Clark (*see, People v Argibay,* 45 NY2d 45, 54, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930); defendant was known to have been involved in other drug transactions; defendant displayed several salesmanlike characteristics; and defendant profited by removing a portion of the methamphetamine from the packets delivered to Andrews for his own use. On this basis, the jury's determination of nonagency is rational and should not be disturbed. Moreover, the trial court's agency charge virtually tracked the language countenanced by the Court of Appeals in *People v Lam Lek Chong (supra)* and was, therefore, entirely proper.

Finally, we cannot agree that the trial court's supplemental charge to the jury was in any way coercive. It is not disputed that a supplemental charge may be made to a deadlocked jury stressing the desirability of reaching a verdict, so long as it is balanced and not coercive (*People v Pagan,* 45 NY2d 725, 726-727). Supplemental charges may remind the jurors of their oath to reach a verdict and note the availability of overnight lodging for sequestration under appropriate circumstances (*supra*). A review of the charge in this case confirms its propriety. No attempt was made to impermissibly influence minority jurors (*cf. People v Robinson,* 84 AD2d 732). The trial court simply noted the juror's oath, which is to reach a verdict compatible with their conscience if possible. Moreover, while

the hour was late, the jurors repeatedly exercised their option to continue deliberations. Since the trial court reminded the jury that they need not reach a verdict, provided them an opportunity to opt for overnight lodging instead of continued deliberation, and was entirely neutral as to their decisional process, the charge was not coercive (*see, People v Page,* 47 NY2d 968, *cert denied* 444 US 936; *People v Ashenden,* 92 AD2d 898).

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.