■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO CABAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Montgomery County (White, J.),

rendered December 3, 1983, upon a verdict convicting defendant of the crimes of criminal sale of marihuana in the third degree and criminal possession of marihuana in the fifth degree.

Defendant was charged in a two-count indictment with criminal sale of marihuana in the third degree and criminal possession of marihuana in the fifth degree stemming from an alleged sale of 28 grams of marihuana to an undercover Deputy Sheriff on August 9, 1982. Defendant was convicted as charged by a jury which rejected the affirmative defenses of entrapment and agency. This appeal ensued.

Initially, we observe that when viewed in a light most favorable to the People *(People v Pierce,* 112 AD2d 527, 528), there is ample evidence to support the jury verdict. The prosecution testimony established that on August 9, 1982, Joseph Pereicich, a paid informer for the Montgomery County Sheriff's Department, had a chance meeting with defendant, an acquaintance, at a shopping mall in the City of Amsterdam. When defendant inquired as to whether Pereicich was interested in purchasing marihuana, Pereicich advised defendant that he might know an interested party and arranged to meet defendant later that day at the mall. Pereicich then contacted Owen Fuhs, a Deputy Sheriff, who thereafter accompanied Pereicich to the ensuing meeting with defendant. At this time, Fuhs arranged to purchase an ounce of marihuana and gave defendant $50 in cash. Shortly thereafter, defendant returned and gave Fuhs a bag containing 28 grams of marihuana, as later identified by a forensic scientist. Defendant was not arrested for this transaction until December 10, 1982, at which time he acknowledged possessing a small amount of marihuana in his shoe for which he was not charged. For his part, defendant controverted the People's version of events, testifying that Pereicich initiated the drug transaction and that he agreed to obtain the marihuana solely as a favor to Pereicich, without deriving any pecuniary benefit.

The issue thus presented, whether defendant was a seller or simply an agent for the buyer in the August 9, 1982 transaction, presented a factual issue for the jury to resolve *(see, People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935). Here, the jury could reasonably infer that defendant was not entrapped since Pereicich testified that defendant initiated the transaction. Further, the jury could reject defendant's agency defense as implausible since defendant barely knew Pereicich, had ready access to the marihuana, and admitted on cross-examination that, contrary to his direct

testimony, he had purchased marihuana numerous times in the past and provided it to others *(see, People v Pierce, supra,* p 529).

Defendant has raised numerous other challenges which warrant only limited discussion. County Court properly granted the People's motion to quash the subpoena duces tecum which defendant served on the Sheriff's Department, Fuhs and the District Attorney, seeking information relative, *inter alia,* to the witness, Pereicich, and the custody of the marihuana. These subpoenas, signed only by defendant's attorney, were improperly issued *(see,* CPL 610.20 [3]). We further note that the usual method for initiating discovery is by serving a "demand to produce" and not by a subpoena duces tecum *(see,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, p 359). In any event, the People have represented that all discoverable items were turned over to defendant *(see, People v Phillips,* 92 AD2d 738) and defendant has failed to factually demonstrate otherwise. Since much of the documentation requested pertained to Pereicich, any prejudice was minimized by the fact that defendant was able to impeach this witness on cross-examination. Nor was there any necessity for producing a written log establishing a chain of custody for the marihuana, since the testimony of Fuhs adequately accounted for the location of this evidence *(see, People v Connelly,* 35 NY2d 171).

In view of the affirmative defenses raised, evidence that defendant possessed a quantity of marihuana at the time of his arrest was properly received for purposes of discrediting the assertions of entrapment and agency *(see, People v Santarelli,* 49 NY2d 241, 248). This is particularly true since defendant carried the contraband inside his boot in the same manner Fuhs observed during the transaction in question. County Court correctly charged that a reputation for good character does not, of itself, serve to create a reasonable doubt of guilt *(see, People v Miller,* 35 NY2d 65, 67). A further review of the court's charge as to intent, entrapment and agency reveals no impropriety. The court's instruction that criminal intent "must, of necessity" be inferred from the circumstances presented did not create a mandatory presumption shifting the burden of persuasion to defendant *(cf. Francis v Franklin,* 471 US 307). The use of the term "lured" in the entrapment instruction, as opposed to "induced" or "encouraged" *(see,* Penal Law § 40.05), was clearly not improper, as evidenced by the fact that defendant utilized the same terminology in his own request to charge. The

court's agency instructions were consonant with the criteria set forth in *People v Lam Lek Chong (supra)* and were, therefore, entirely appropriate *(see, People v Pierce,* 112 AD2d 527, 529, *supra).* Moreover, the court did not abuse its discretion in refusing to furnish the jury with a written copy of the agency defense *(see,* CPL 310.30).

We have examined defendant's remaining contentions and find them unavailing.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.