■ The People of the State of New York, Respondent, v Judy Davis, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered September 12, 1990, convicting her of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises, *inter alia,* from the sale of crack cocaine to an undercover police officer. The defendant initiated the subject purchase, although she only knew the undercover officer who was the buyer from one previous drug transaction. The defendant took the undercover officer to a premises where drugs were sold, took money from the undercover officer, and returned with the crack cocaine.

The defendant unpersuasively argues that the People have failed to disprove her agency defense beyond a reasonable doubt and, further, contends that the trial court's agency charge was erroneous. Viewing the evidence in a light most

favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's conduct evinced a sufficient indicia of "[s]alesman-like behavior" *(People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958) for the jury to determine that she was neither a mere extension of the undercover officer nor acting only in his interest *(see, People v Andujas,* 79 NY2d 113; *People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Lam Lek Chong,* 45 NY2d 64, 75, *cert denied* 439 US 935). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The trial court's agency charge, when read as a whole, was not prejudicial to the defendant and was entirely proper *(see, People v Lam Lek Chong, supra; People v Roche, supra; People v Pierce,* 112 AD2d 527, 529). Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.