■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD KIMBALL, Appellant. [660 NYS2d 98] —Crew III, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered June 10, 1994 in Albany County, upon a verdict

convicting defendant of the crimes of murder in the second degree and endangering the welfare of a child (two counts).

On December 5, 1992, the Albany Fire Department responded to a call that an infant was in respiratory distress at 45 Lindburgh Avenue in the City of Albany. The infant was rushed to a local hospital, where he died three days later due to, *inter alia*, brain swelling and herniation caused by a blow to the head. Defendant, in whose care the child had been committed on the day in question, subsequently was indicted and charged with depraved mind murder, manslaughter in the first degree, manslaughter in the second degree and three counts of endangering the welfare of a child. Following a jury trial, defendant was found guilty of depraved mind murder (Penal Law § 125.25 [4]) and two counts of endangering the welfare of a child, for which he was sentenced to a prison term of 25 years to life on the murder charge and one-year concurrent jail terms on each of the charges of endangering the welfare of a child, with said sentences to run consecutively.

On this appeal, defendant contends, *inter alia*, that Supreme Court erred when it delivered an unsolicited *Allen* charge to the jury after being advised that the jury was unable to reach a verdict on the first count of the indictment (*see, Allen v United States*, 164 US 492). Defendant contends that such a charge, by implication, instructed the jury that it could not consider the lesser and/or alternative counts of the indictment without first reaching a unanimous verdict of "not guilty" on the first count of the indictment and that such instruction constituted reversible error. We disagree. The law is now well settled that the appropriate transition charge in a criminal case is that the jury consider the offenses charged in decreasing levels of culpability, i.e., any lesser charges should be considered only upon reaching a unanimous verdict of "not guilty" of the greater charges (*see, e.g., People v Johnson*, 87 NY2d 357, 360-361; *People v Boettcher*, 69 NY2d 174, 182-183). Indeed, the "unable to agree" transition charge urged upon us by defendant has been expressly rejected by the Court of Appeals (*see, People v Boettcher, supra*, at 183). We have considered defendant's remaining contentions, including his assertion that the sentences imposed were harsh and excessive, and find them to be equally without merit.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.