Rose, J.
Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered August 8, 2011, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.
Defendant’s wife was issued an ex parte, temporary order of protection by Family Court requiring defendant to, among other things, stay away from her. After drinking together at several bars two days later, defendant and his wife got into an argument and the police were called. A Tioga County Deputy Sheriff advised defendant that he was the subject of an order of protection, drove him to the Sheriffs Office and gave him a copy of the order. Hours later, defendant returned to the residence where his wife was staying, the police were called again and defendant was arrested for violating the order of protection. After a jury trial, defendant was convicted of criminal contempt in the first degree, and County Court sentenced him, as a second felony offender, to a prison term of IV2 to 3 years. Defendant appeals.
Early in these proceedings, defendant’s trial counsel informed County Court of a potential conflict of interest based upon the prior representation of a prosecution witness by another attorney in counsel’s law firm. Although counsel informed the court that defendant had no objection, County Court erred by failing to directly inquire into defendant’s awareness of the potential risks and his willingness to waive any potential conflict (see People v McDonald, 68 NY2d 1, 8 [1986]; People v Gomberg, 38 NY2d 307, 313-314 [1975]). Under the circumstances here, however, this failure was harmless, inasmuch as there is no indication that the potential conflict actually affected the conduct of the defense (see People v Smart, 96 NY2d 793, 795 *1055 [2001]; People v McDonald, 68 NY2d at 9; People v Lombardo, 61 NY2d 97, 103 [1984]).
Nor are we persuaded that County Court’s handling of a note from the jury requires reversal. To be sure, upon receipt of a note from a deliberating jury, a trial court is required to notify counsel of the contents of the note prior to responding to it and then to provide a meaningful response to the jury (see CPL 310.30; People v O’Rama, 78 NY2d 270, 276 [1991]). Here, the jury asked for a legal definition of “duly served,” an issue that had been raised by defense counsel as part of his motion for a trial order of dismissal and, again, as a requested instruction that he submitted during the charge conference. Defense counsel argued, in support of both his motion and his requested instruction, that “duly served” required proof that the contents of the order were read to defendant and defendant understood the conduct prohibited by it. County Court twice rejected counsel’s interpretation of “duly served” and, after receipt of the note, cut short counsel’s argument as to the proper response, noting that the issue had already been fully discussed. County Court then instructed the jury that “duly served” meant delivery of a copy of the written order that advised defendant of the prohibited conduct and that it required knowledge of receipt. The jury asked no further questions and returned a verdict shortly thereafter.
While the better practice would have been for County Court to read the note on the record prior to responding to it and we do not condone the court’s curtailment of counsel’s argument, the record reflects that counsel was aware of the specific content of the note and we are satisfied that counsel had a full opportunity to explain his position as to the meaning of “duly served.” Under these circumstances, defense counsel can be said to have meaningfully participated in the response to the note (see People v Starr, 213 AD2d 758, 760-761 [1995], lv denied 85 NY2d 980 [1995]; compare People v O’Rama, 78 NY2d at 279). Furthermore, the supplemental instruction was responsive to the question and accurately reflected the substantive requirements for a factual finding that a person has been “duly served” (see People v Clark, 95 NY2d 773, 775 [2000]; People v Pichardo, 298 AD2d 150, 151 [2002], lv denied 99 NY2d 562 [2002]).
We have reviewed defendant’s remaining contentions and find them to be without merit.
Peters, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.