THIRD DEPARTMENT, MARCH, 2014

(March 6, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN POWELL, Appellant. [981 NYS2d 817]—

Rose, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered June 16, 2009, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was charged with the murder of his wife, who was six months pregnant when she disappeared in October 1994. In

May 1996, her body was found in a hockey equipment bag weighted down with rocks in the Hudson River. We reversed defendant's original 1997 conviction (13 AD3d 975, 975-976 [2004], *lv denied* 4 NY3d 889 [2005]) and, following a retrial in 2009, he was again convicted of murder in the second degree. County Court sentenced defendant to a prison term of 25 years to life, and he now appeals.

Contrary to defendant's contention, the People did not fail to disclose reports from the expert that they presented on their direct case (*see* CPL 240.20 [1] [c]). The People called a metallurgist, who opined that the hard vinyl ridges on the bottom of the hockey bag containing the victim's remains matched scuff marks observed on the aluminum seats of a boat purchased by defendant the day the victim disappeared. The expert was disclosed by the People prior to the first trial and defendant acknowledged receipt of the expert's testimony, the exhibits he relied on at the first trial and the notes he made subsequent to that trial. In the absence of any indication that material prepared by the expert had been withheld from defendant, we find no basis to conclude that any further disclosure was required (*see People v Thompson*, 92 AD3d 1139, 1140 [2012], *affd* 21 NY3d 555 [2013]; *People v Bryant*, 298 AD2d 845, 845-846 [2002], *lv denied* 99 NY2d 556 [2002]; *People v Caban*, 118 AD2d 957, 959 [1986]).

Nor did County Court err in failing to give an adverse inference charge or some other sanction based on the natural fading of the scuff marks over time. The markings were still visible and available for inspection to defendant at the time of the first trial, as well as after that conviction had been reversed, and defendant has identified no bad faith on the part of the People in the loss of this evidence. The boat itself was not offered as evidence of the markings during the second trial. Rather, photographs taken in 1996 were admitted at both trials. Given defendant's previous access to the markings while they were still visible and his ability to inspect or test them, we find no basis to disturb County Court's exercise of its discretion in declining to impose any sanction against the People (*see People v Carpenter*, 88 AD3d 1160, 1161 [2011]; *People v Bass*, 277 AD2d 488, 493 [2000], *lv denied* 96 NY2d 780 [2001]; *People v Kehn*, 109 AD2d 912, 915 [1985]).

County Court properly exercised its discretion in allowing photographs of the victim into evidence. "Unless photographs lack probative value and are presented solely for the purpose of inflaming a jury, they are admissible in a criminal trial, particularly where they tend to support a material issue or cor-

roborate other evidence in the case" (*People v Alvarez*, 38 AD3d 930, 931 [2007], *lv denied* 8 NY3d 981 [2007] [internal quotation marks, citations and brackets omitted]; *see People v Stevens*, 76 NY2d 833, 835-836 [1990]; *People v Skinner*, 298 AD2d 625, 626 [2002]). Here, the photographs, while undeniably gruesome, were relevant in that they tended to establish the element of intent to cause death required for murder in the second degree based on the depiction of the handholds tied into the rope that was tightly wrapped around the victim's throat (*see* Penal Law § 125.25 [1]). Further, the trussed position of the body as depicted in the photographs corroborated the testimony that defendant had explained to a witness how to bind a dead body into a fetal position in order to dispose of it. Moreover, the People cropped two photographs that included the victim's face to limit what was seen beyond the rope, and County Court "appropriately instructed the jury to avoid making emotional judgments based on any gruesome scenes" (*People v Alvarez*, 38 AD3d at 932).

Defendant has not preserved his claims that a *Frye* hearing should have been held and that the expert testimony was not necessary, inasmuch as there was no request for a hearing and no objection to the testimony (*see* CPL 470.05 [2]; *People v Angelo*, 88 NY2d 217, 223 [1996]; *People v Hinspeter*, 12 AD3d 617, 618 [2004], *lv denied* 4 NY3d 764 [2005]). Nor did defendant claim before County Court that the People improperly cross-examined him regarding his criminal justice background or that the testimony of a jailhouse informant should not have been admitted. Accordingly, these issues are also unpreserved for our review. Likewise unpreserved is defendant's contention that County Court erred in instructing the jury to reach a unanimous verdict of not guilty on the murder in the second degree charge before considering the lesser included offense of manslaughter in the first degree, inasmuch as defendant made no request for a different charge and did not object to the charge as given (*see People v Holzer*, 52 NY2d 947, 948 [1981]; *People v Henehan*, 111 AD3d 1151, 1153 [2013]; *People v Fauntleroy*, 108 AD3d 885, 887 [2013], *lv denied* 21 NY3d 1073 [2013]). In any event, there is no merit to any of these contentions.

Defendant's argument that County Court erred in its handling of jury notes is also without merit. Defendant does not take issue with the response to the notes provided by County Court, but claims instead that the court erred in failing to read them verbatim into the record. While a reading of the notes into the record is the better practice, it is not required where, as here, the record reflects that defendant received meaningful no-

tice regarding the content of each substantive note received from the jury and he was able to meaningfully participate in formulating the responses to the notes (*see* CPL 310.30; *People v Alcide*, 21 NY3d 687, 692-693 [2013]; *People v Kadarko*, 14 NY3d 426, 429 [2010]; *People v Cooper*, 107 AD3d 1054, 1055 [2013]; *People v Woodrow*, 89 AD3d 1158, 1159-1160 [2011], *lv denied* 19 NY3d 978 [2012]; *compare People v Kisoon*, 8 NY3d 129, 135 [2007]; *People v O'Rama*, 78 NY2d 270, 277-278 [1991]). Nor is there any evidence that defendant was not present when the jury was instructed, as required by CPL 310.30.

Defendant's remaining contentions, to the extent not specifically discussed, have been considered and determined to be without merit.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.