Pritzker, J.
 

 Appeal from a judgment of the Supreme Court (Breslin, J.), rendered June 21, 2016 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.
 

 Defendant was charged by indictment with assault in the second degree stemming from an incident during which a police officer for the City of Albany Police Department (hereinafter the victim) was injured after being sprayed by defendant with a canister of pepper spray while she was responding to a noise complaint at defendant’s residence. Following a suppression hearing and a jury trial, defendant was convicted as charged and was sentenced, as a second felony offender, to a prison term of five years, plus five years of postrelease supervision. Defendant appeals, and we affirm.
 

 Defendant contends that the verdict is not supported by legally sufficient evidence because the People failed to prove that the victim was performing a lawful duty and that defendant intended to prevent such performance. We disagree. When conducting a legal sufficiency analysis, “we view the evidence in the light most favorable to the People and evaluate ‘whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged’ ” (People v Graham, 138 AD3d 1242, 1242 [2016], lv denied 28 NY3d 930 [2016], quoting People v Bleakley, 69 NY2d 490, 495 [1987]). As relevant here, “[a] person is guilty of assault in the second degree when . . . [w]ith intent to prevent a . . . police officer . . . from performing a lawful duty, . . . he or she causes physical injury to such . . . police officer” (Penal Law § 120.05 [3]). “To sustain such a conviction, the People must establish that the injured police officer was engaged in a lawful duty at the time of the assault by the defendant” (People v Dorsey, 151 AD3d 1391, 1394 [2017] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 30 NY3d 949 [2017]; see People v Tucker, 141 AD3d 748, 750 [2016]).
 

 Another officer for the City of Albany Police Department testified that while responding to a 911 call for loud music at defendant’s residence during the overnight hours, he went to the side yard to assist the victim, who was talking to a woman on the other side of a stockade fence. The victim was identifying herself as a police officer and asking that the resident come out to the front yard to accept a ticket for the loud noise when defendant entered the rear yard, approached the fence line and, without saying anything, held up a black canister and sprayed it at the officers.
 
 [1]
 
 The victim was struck by the stream from the canister, which the other officer realized was pepper spray. Viewing this evidence in the light most favorable to the People, there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury, that the victim was engaged in a lawful duty and that defendant acted with intent to prevent her from performing that lawful duty (see People v Graham, 138 AD3d at 1243). Further, “viewing the evidence in a neutral light and giving due deference to the jury’s credibility determinations” (People v Pine, 126 AD3d 1112, 1115 [2015], lv denied 27 NY3d 1004 [2016]), we find that the verdict was not against the weight of the evidence (see People v Johnson, 150 AD3d 1390, 1394 [2017], lv denied 29 NY3d 1128 [2017]).
 

 Moreover, we disagree with defendant’s contention that Supreme Court abused its discretion in allowing a photograph of the intubated victim into evidence. “Unless photographs lack probative value and are presented solely for the purpose of inflaming a jury, they are admissible in a criminal trial, particularly where they tend to support a material issue or corroborate other evidence in the case” (People v Powell, 115 AD3d 998, 999-1000 [2014] [internal quotation marks and citations omitted], lv denied 23 NY3d 1024 [2014]). The photograph was probative of physical injury, a disputed and material issue, and also illustrated and corroborated medical testimony (see People v Alvarez, 38 AD3d 930, 931 [2007], lv denied 8 NY3d 981 [2007]). In addition, as it served other purposes than to merely arouse the emotions of the jury and prejudice defendant (see People v Wood, 79 NY2d 958, 960 [1992]; People v Pobliner, 32 NY2d 356, 370 [1973], cert denied 416 US 905 [1974]; People v Skeen, 139 AD3d 1179, 1181-1182 [2016], lv denied 27 NY3d 1155 [2016]), the court properly exercised its discretion in allowing it into evidence and giving an appropriate limiting instruction (see People v Powell, 115 AD3d at 1000; People v Alvarez, 38 AD3d at 932).
 

 Similarly, Supreme Court properly denied defendant’s Batson challenge made after the People struck the only African-American juror on the panel. “Under the three-step test formulated under Batson and its progeny to determine whether peremptory challenges are being employed as a tool of invidious discrimination, the party challenging the use of perempto-ries must make out a prima facie case of purposeful discrimination and, if accomplished, the nonmovant must come forward with race-neutral reasons for each of the peremptories challenged .... The third step of the Batson inquiry requires the trial court to make an ultimate factual determination on the issue of discriminatory intent based on all of the facts and circumstances presented” (People v Knowles, 79 AD3d 16, 20 [2010] [internal quotation marks, brackets, emphasis and citations omitted], lv denied 16 NY3d 896 [2011]). Here, defendant pointed to the challenged juror being the sole African American on the panel and provided some of the juror’s characteristics, but failed to demonstrate that other jurors who were not African American and who had the same relevant characteristics as the challenged juror were accepted (see People v Morris, 140 AD3d 1472, 1476 [2016], lv denied 28 NY3d 1074 [2016]; People v King, 277 AD2d 708, 708 [2000], lv denied 96 NY2d 802 [2001]). Therefore, defendant did not establish that the People’s peremptory challenge was based on the juror’s race, as he “failed to identify, allege or develop facts or other relevant circumstances sufficient to raise an inference that the prosecutor used the challenge for discriminatory purposes” (People v King, 277 AD2d at 708 [citations omitted]; see People v Bolling, 79 NY2d 317, 323-324 [1992]; People v Morris, 140 AD3d at 1475-1476; People v Colon, 307 AD2d 378, 380 [2003], lv denied 100 NY2d 619 [2003]). While defendant further contends that the court’s ruling was procedurally flawed as the three-step process was not followed, the order of events establishes that the court never went beyond step one because it found that defendant did not make out a prima facie case of discrimination. Therefore, the court’s ruling was not procedurally flawed as the inquiry moves to step two only if a prima facie case of discrimination has been established (see People v Acevedo, 141 AD3d 843, 846 [2016]; People v Knowles, 79 AD3d at 20).
 
 [2]
 

 Defendant’s further claim that Supreme Court erred in refusing to charge reckless assault in the third degree as a lesser included offense is also without merit. Assault in the third degree requires a defendant to recklessly cause physical injury to another person (see Penal Law § 120.00 [2]); however, assault in the second degree {see Penal Law § 120.05 [3]) is a crime of “strict liability as far as the injury is concerned and even if the defendant caused the injury to the officer accidentally, he or she is guilty of assault in the second degree if the [injury] happened while he or she intentionally acted to prevent the performance of the officer’s duty” (People v Iovino, 149 AD3d 1350, 1352 [2017] [internal quotation marks, brackets and citation omitted], Iv denied 30 NY3d 950 [2017]). “[W]hen the greater crime is an offense of strict liability with respect to an element of required conduct, no offense which includes as part of its required conduct a culpable mental state [as to that element] can be a lesser included offense because it is possible to commit the greater offense without £by the same conduct’ committing the lesser” (People v Green, 56 NY2d 427, 431 [1982]). Therefore, as reckless assault in the third degree is not, as a matter of law, a lesser included offense of assault in the second degree on a police officer, there was no error in the court’s refusal to charge reckless assault in the third degree. Defendant’s contention that the court improperly instructed the jury as to the elements of obstructing governmental administration, which was charged as a lesser included offense, is moot inasmuch as the jury rendered a guilty verdict on the greater offense and, therefore, appropriately did not reach the lesser included offense (see People v Kimball, 241 AD2d 698, 699 [1997], lv denied 91 NY2d 835 [1997]), which was deemed dismissed as a matter of law (see CPL 300.40 [3] [b]; People v Skinner, 211 AD2d 979, 980 [1995], lv denied 86 NY2d 741 [1995]).
 

 Likewise, Supreme Court did not err in denying defendant’s request to read a proposed instruction to the jury as to the meaning of “lawful duty.” The court correctly refused this request since police exercise lawful duties in many ways, including responding to 911 calls, and the court properly read the pattern jury instruction to the jury, which does not define lawful duty (see CJI2d[NY] Penal Law § 120.05 [3]). Further, by not specifically defining lawful duty, the court did not usurp the jury’s role and, instead, properly left the question squarely in its hands (cf. People v Milhouse, 246 AD2d 119, 123 [1998]; People v Greene, 221 AD2d 559, 560 [1995]).
 

 Peters, P.J., Garry, Clark and Aarons, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 [1]
 

 . Defendant, in his brief, contends that the victim was sprayed with pepper spray only after she and the other police officers repeatedly attempted to perform an illegal entry into defendant’s apartment. This contention is entirely without support in the record on appeal.
 

 [2]
 

 . Despite the People voluntarily offering a race-neutral reason for their peremptory challenge, we find that the issue of whether defendant established a prima facie case of discrimination is not moot as Supreme Court never reached the second or third step of the Batson inquiry and, therefore, did not rule on the ultimate question of intentional discrimination (see People v Smocum, 99 NY2d 418, 423 [2003]; People v Grafton, 132 AD3d 1065, 1067 [2015], lv denied 26 NY3d 1145 [2016]).