People v Swick (2018 NY Slip Op 00720)





People v Swick


2018 NY Slip Op 00720


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND CURRAN, JJ.


1272 KA 16-00562

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER SWICK, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered January 21, 2016. The judgment convicted defendant upon a jury verdict of, inter alia, grand larceny in the fourth degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from two judgments convicting him following a consolidated jury trial of, inter alia, three counts of grand larceny in the fourth degree (Penal Law § 155.30 [8]), two counts of criminal possession of stolen property in the fourth degree (§ 165.45 [5]), and two counts of unauthorized use of a vehicle in the third degree (§ 165.05 [1]). Defendant contends in both appeals that County Court erred in its handling of three jury notes in violation of People v O'Rama (78 NY2d 270 [1991]). With respect to the first jury note, defendant does not take issue with the response given by the court to the jury, but claims instead that the court erred in failing to read the note verbatim into the record to counsel and the jury. "While a reading of the notes into the record is the better practice, it is not required where, as here, the record reflects that defendant received meaningful notice regarding the content of [the subject] note . . . and [that] he was able to meaningfully participate in formulating the responses to the note[]" (People v Powell, 115 AD3d 998, 1000-1001 [3d Dept 2014]; see generally People v Barnes, 139 AD3d 1371, 1372 [4th Dept 2016], lv denied 28 NY3d 926 [2016]). Thus, we conclude that there was no O'Rama violation with respect to the first jury note.
We conclude that the second and third jury notes required only ministerial responses from the court, i.e., providing the jury with requested items that were in evidence. "[T]he O'Rama procedure is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response" (People v Nealon, 26 NY3d 152, 161 [2015]), and defendant has not established that the second and third jury notes at issue contained any substantive inquiries. Thus, we reject defendant's contentions with respect to those jury notes (see People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016]).
Finally, because it is impossible to commit the crime of grand larceny in the fourth degree under Penal Law § 155.30 (8) without concomitantly committing the crime of unauthorized use of a vehicle in the third degree under section 165.05 (1), we agree with defendant that counts three and four of indictment No. 256, charging the latter crime, must be dismissed because they are lesser inclusory concurrent counts of counts seven and nine of indictment No. 112, charging the former crime (see generally People v Miller, 6 NY3d 295, 302 [2006]). We therefore modify the judgment accordingly.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court