People v Hensleigh (2024 NY Slip Op 06084)

People v Hensleigh

2024 NY Slip Op 06084

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CR-23-1533
[*1]The People of the State of New York, Respondent,
v
Jordan Hensleigh, Appellant.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Steven M. Sharp, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Ceresia, J.
Appeal from judgment of the County Court of Saratoga County (Chad W. Brown, J.), rendered August 10, 2023, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
Defendant was charged by indictment with two counts of assault in the second degree stemming from an altercation in court during which defendant, who had been informed that there was an active warrant authorizing his arrest, resisted being detained by court officers, one of whom sustained injuries during the incident. In an omnibus motion, defendant subsequently moved to dismiss the indictment on several grounds, including that there exists a legal impediment to conviction (see CPL 210.20 [1] [h]). That is, defendant alleged that the court officers were not performing a lawful duty, as required to establish his commission of the charged crimes,[FN1] because they had no authority to execute an arrest warrant. The People opposed the motion, and County Court denied it. Thereafter, in full satisfaction of the indictment as well as another unrelated indictment charging defendant with family offenses, defendant pleaded guilty, as relevant here, to the reduced charge of attempted assault in the second degree and waived his right to appeal. Defendant was subsequently sentenced by County Court, as a second felony offender with a prior violent felony, to a prison term of 2 to 4 years, which was ordered to run consecutive to an unrelated prison term. Defendant appeals.
As an initial matter, defendant's argument is properly before us despite his plea of guilty and waiver of the right to appeal. Contrary to the People's contention, defendant is not challenging the legal sufficiency of the grand jury evidence or the factual sufficiency of his plea allocution. Rather, defendant asserts that there is a legal impediment to prosecution, in that "there is no set of facts that could be proved, or to which a defendant could plead, that would establish guilt of [the charged crime] upon the theory alleged" (People v Plunkett, 19 NY3d 400, 407 [2012]). Such a challenge is not forfeited by a guilty plea (see id.). Further, a legal impediment argument is akin to a claim of a jurisdictional defect, which is not foreclosed by an appeal waiver (see People v Wheeler, 216 AD3d 1314, 1316 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]).
Turning to the merits, the record reveals that, while defendant was present in Family Court for an unrelated matter, defendant and his attorney were advised by court officers that there was an outstanding warrant for his arrest and that, following the court proceeding, he would be held in a secure area to await the arrival of the police. When defendant's matter concluded and he started to leave the courtroom, another court officer told him, "[t]here's a warrant for your arrest. I need to detain you." At that point, defendant started to push past two court officers, and he was tackled to the ground. In the course of this struggle, a court officer [*2]suffered physical injuries. The police, who were already on the scene, immediately placed defendant under arrest pursuant to the arrest warrant.
A peace officer, of which a uniformed court officer is one type (see CPL 2.10 [21] [a]), "in the course of effecting or attempting to effect an arrest, or of preventing or attempting to prevent the escape from custody, of a person whom he or she reasonably believes to have committed an offense, may use physical force when and to the extent he or she reasonably believes such to be necessary to effect the arrest, or to prevent the escape from custody" (Penal Law § 35.30 [1]). Here, the court officers had the requisite reasonable belief that defendant had committed an offense by virtue of their knowledge that an arrest warrant had been issued. That said, they possessed the lawful authority under Penal Law § 35.30 (1) to utilize physical force to temporarily detain defendant in order to facilitate the arrest by the police who were present for that purpose (compare People v Borrero, 118 AD2d 345, 350 [1st Dept 1986] [holding that, under a similar statutory provision pertaining to private citizens, an individual had the authority to detain another, using physical force, until police arrived]). In so holding, we are mindful that, given the wide-ranging contexts in which they serve (see CPL 2.10 [1]-[86]), peace officers are acknowledged to have "special duties" that are unique to "the specialized nature of [an officer's] particular employment" (CPL 2.20 [2]). In our view, the temporary detention carried out in this case was not inconsistent with the specialized nature of a uniformed court officer's particular employment. Based upon the foregoing, defendant's argument that there is a legal impediment to his conviction is without merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: As relevant here, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to prevent a peace officer . . . from performing a lawful duty, . . . he or she causes physical injury to such peace officer" (Penal Law § 120.05 [3]). "To sustain such a conviction, the People must establish that the injured [peace officer] was engaged in a lawful duty at the time of the assault by the defendant" (People v Molineaux, 156 AD3d 1250, 1251 [3d Dept 2017] [internal quotation marks and citations omitted], lv denied 31 NY3d 1085 [2018]).