People v Cox (2026 NY Slip Op 01096)

People v Cox

2026 NY Slip Op 01096

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

113640
[*1]The People of the State of New York, Respondent,
vKevin Cox, Appellant.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Thomas R. Villecco, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Michael Allain of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Rensselaer County (Debra Young, J.), rendered May 18, 2022, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts) and assault in the first degree.
On the night of February 9, 2020, defendant was caring for his girlfriend's son, the six-year-old victim. After deciding that the victim had misbehaved, defendant punished him, as he had in the past, by locking him outside. While the victim sat on the snow-covered back deck wearing only his pajamas, defendant smoked marihuana and went to bed. Upon awakening the following morning, defendant discovered the victim's unconscious body frozen to the deck. After prying the victim from the deck with a shovel, defendant brought him indoors, attempted to revive him in the bathtub and called the victim's mother. The victim was later transported to a hospital, where lifesaving measures were undertaken before he ultimately succumbed to multiple organ failure due to hypothermia. Defendant was charged with two counts of depraved indifference murder and one count of depraved indifference assault, and was convicted as charged following a jury trial. County Court sentenced defendant to three concurrent terms of 25 years to life in prison,[FN1] and defendant appeals.
The sole argument raised on appeal is that County Court erred when it allowed the People to introduce five photographs of the victim while hospitalized: one depicting the victim intubated in a hospital bed, and the other four showing an area of abrasion on the victim's upper arm. "Accurate photographs of the victim are admissible, despite their potentially inflammatory effect, if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (People v Mayette, 233 AD3d 1097, 1103 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied 43 NY3d 945 [2025]; see People v Pica-Torres, 230 AD3d 855, 860 [3d Dept 2024], lv denied 42 NY3d 1054 [2024]). "Once a relevant purpose for a photograph is demonstrated, the question of whether the probative value of the photograph outweighs any prejudice to the defendant rests within the trial court's sound discretion" (People v Brinkley, 174 AD3d 1159, 1165 [3d Dept 2019] [citation omitted], lv denied 34 NY3d 979 [2019]).
The single photograph of the intubated victim was relevant to illustrate and corroborate medical testimony about the extensive medical treatment he received, underscoring the seriousness of the internal injuries that led to his death (see People v Brinkley, 174 AD3d at 1165; People v Molineaux, 156 AD3d 1250, 1252 [3d Dept 2017], lv denied 31 NY3d 1085 [2018]). Given that the photograph was not introduced solely to inflame the jury's emotions, and noting that multiple cautionary instructions were given, we find no abuse of discretion in the admission of this photograph (see [*2]People v Heimroth, 181 AD3d 967, 970-971 [3d Dept 2020], lv denied 35 NY3d 1027 [2020]; People v Greenfield, 167 AD3d 1060, 1063 [3d Dept 2018], lv denied 32 NY3d 1204 [2019]).
As for the four photographs of the abrasion on the victim's arm, to the extent that defendant argues that these were unduly prejudicial, he did not raise this claim at trial and it is thus unpreserved for our review (see People v Delbrey, 179 AD3d 1292, 1296 [3d Dept 2020], lv denied 35 NY3d 969 [2020]; People v Marra, 96 AD3d 1623, 1625 [4th Dept 2012], affirmed 21 NY3d 979 [2013]). However, defendant did preserve by way of timely objection his contention that these photographs were inadmissible in that they depicted an injury that was not shown to be connected to the charged crimes. We find this position to be meritorious. No medical testimony ever touched upon the arm injury, let alone linked it to the incident in question. Indeed, the only witness who testified about this abrasion — the detective who took the photographs — stated that he did not know how it happened. Therefore, as the People failed to establish the relevance of these photographs, it was error to admit them (compare People v Marra, 96 AD3d at 1626). Nevertheless, the error was harmless. The photographs, which were not graphic in nature, depicted what appeared to be a minor injury and, moreover, the proof against defendant was overwhelming, with no significant probability that he would have been acquitted but for their admission (see People v Saunders, 176 AD3d 1384, 1391 [3d Dept 2019], lv denied 35 NY3d 973 [2020]).
Reynolds Fitzgerald, J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: With respect to the assault charge, defendant was sentenced as a mandatory persistent violent felony offender (see Penal Law § 70.08 [3] [a-1]).